In the Matter of JOHN R. DAVISON et al., Respondents, v. WILLIAM S. SEGUR et al., as Board of Appeals of Town of Bethlehem, Appellants.— *Per Curiam*. Appeal from an order of the Supreme Court at Special Term, Albany County, entered on February 17, 1964, which directed respondents to issue a variance from the fence provisions contained in the Town of Bethlehem Zoning Ordinance. The pertinent part of said ordinance provides as follows: "Fences: Within the limits of a front [or side or rear] yard no fence or wall * * * shall be more than four feet high, unless the part above such height be no more than one-quarter solid." The petitioners constructed a six-foot solid fence around their swimming pool on their residence property in Elsmere. Admittedly said fence violates the fencing provisions of the zoning ordinance which was in effect when it was built but petitioners urge that the swimming pool creates a unique circumstance and a denial of the variance would cause them unnecessary hardship. We do not agree. A particular property must suffer a particular disadvantage before a variance can be allowed (*Matter of Hickox* v. *Griffin*, 298 N. Y. 365). We find none here. In our view we do not have here the unique circumstance and hardship contemplated in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) and in *Matter of Hickox* v. *Griffin* (*supra*). Nor do we find that in the circumstances of this case the Board of Appeals acted illegally, arbitrarily or capriciously. It is well settled that in arriving at its determination the court may not substitute its own judgment for the judgment of the board and such board judgment may not be set aside unless it clearly appears to be arbitrary or contrary to law (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker*, 282 N. Y. 400; see *Matter of Texaco* v. *Segur*, 24 A D 2d 692). Order reversed, on the law and the facts, and determination confirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

In the Matter of the Estate of ALICE L. CASE, Deceased. MYRA FREISEM et al., Appellants; PAUL M. DONOVAN, Respondent. — AULISI, J. Appeals from an order of the County Court of the County of Chemung, Trial Term, denying appellants' motion to adjourn the trial and from a decree of the Surrogate's Court of said county admitting to probate the will and codicil of Alice L. Case and granting letters testamentary to Paul M. Donovan. Appellants contend that the denial of an adjournment was an abuse of discretion and that the trial in Surrogate's Court was defective because one of the appellants, a first cousin of the testatrix once removed, was not present. In view of the previous delay in these proceedings; the order of this court on March 15, 1965, to set the case down for trial (*Matter of Case*, 23 A D 2d 718); the adequate notice given to all interested persons; and the total failure of any of the objectants, although duly notified, to appear at the trial, we cannot say that the Surrogate abused his discretion in denying an adjournment or in proceeding to trial. The conduct of a trial, including adjournments thereof, is within the discretion of the trial court. We should not interfere except in cases of abuse. It is our belief that sufficient time had elapsed since the death of the testatrix to enable appellants, with the exercise of due diligence, to prepare for trial and proceed therewith. (Surrogate's Ct. Act, § 20, subd. 2; *Paine* v. *Aldrich*, 133 N. Y. 544; *Borley* v. *Wheeler & Wilson S.M. Co.*, 12 N. Y. S. 45; 11 Carmody-Wait, New York Practice, § 53, pp. 36–37.) Decree and order affirmed, with costs to each party filing a brief payable from the estate. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.