Leonard Leigh Finz, J.
In this motion defendant, Long Island Jewish Hospital, seeks authorizations to examine the hospital records and the office records of physicians who treated the plaintiff from March, 1969 until September, 1969. The incident which constitutes the malpractice alleged in the complaint occurred on October 6, 1969, when the plaintiff, after leaving her bed, fell and sustained a fracture or fractures which form the basis for the claim for damages. The attorney for the plaintiff asserts that he has no objection to *348 furnishing the names of the doctors who treated the plaintiff prior to her injury and it appears, further, that he has furnished authorizations to examine the hospital records sought by the defendant. The issue herein, therefore, is limited to the authorizations sought in order to examine the office records of the physicians who allegedly treated the plaintiff for a period of time prior to her entry into the defendant hospital.
The reason the defendant seeks these records is "It is defendant’s position that the fracture suffered by the plaintiff on the date of this incident occurred spontaneously and suddenly as a result of pathological bone deficiencies, and, thus was unforseeable and unavoidable”. The foregoing quote is from an affidavit made by the defendant’s attorney and is the sole basis for the making of the motion. The plaintiff had previously testified, in an examination before trial, that prior to her admission to the defendant hospital she had been under treatment by two physicians and had been hospitalized at various hospitals. At that time she refused to divulge the names of those physicians or authorize the examination of the hospital records.
The injuries suffered by the plaintiff while in the defendant hospital are the central issue in this case. While the defendant states its position is that the fracture occurred spontaneously, this appears solely from the affidavit of the attorney which sets forth no medical facts and does not indicate in any way the source of its information. The defendant in seeking to examine the records of the plaintiff’s physicians and hospitals asserts that these are "treating” doctors and hospitals.
Remembering the basis of the plaintiff’s claim, it is clear that the defendant is attempting to put in issue the condition from which they say the plaintiff suffered prior to the accident. It is equally clear that the plaintiff’s physicians prior to the incident are not the "treating” physicians, the latter being those physicians and facilities who treated her after the incident of October 6th.
The leading case on this subject appears to be Koump v Smith (25 NY2d 287). In that case an application at Special Term for authorizations by the plaintiff to examine the hospital records of the defendant to determine if he was intoxicated at the time of the accident was denied. The order was affirmed in the Appellate Division and in answer to the question certified to the Court of Appeals, to wit, "Was the order of this *349 court dated April 22, 1968, properly made?”, the latter court answered in the affirmative. In explaining the guidelines to be followed in an application of this type the Court of Appeals stated (p 300), "The burden of proving that the party’s mental or physical condition is in controversy, of course, is on the party seeking the examination or hospital records. The affidavits must contain evidentiary matter and not mere conclusory statements. Because the affidavit must be sworn to by a person having knowledge of the facts, an affidavit by an attorney should be disregarded unless he happens to have personal knowledge of the facts.” Thus it would appear that an exploration of plaintiff’s medical history is not permissible merely upon the assertion by an attorney of a suspicion that a prior condition may have been a precipitating, aggravating or contributing cause to the injury which forms the basis of the plaintiff’s complaint.
The case of Newman v Searle & Co. (50 AD2d 902) is not different. The records sought had a direct relationship to the injury claimed and to the plaintiff’s subsequent treatment by reason of that injury. While the decision itself does not reveal it, examination of the record shows that the defendant sought the records of the treating physicians prior and subsequent to the injury which the plaintiff claimed. The Appellate Division affirmed the order of Special Term which granted the motion, stating (pp 902-903) in its decision "Plaintiff has failed to establish a factual basis for her contention that the doctor-patient privilege abides as to the records of the treating physicians despite her commencement of this action (see Koump v Smith, 25 NY2d 287, 294).”
Clearly, therefore, it is essential that before the court authorizes an investigation into the physician’s office records a factual predicate therefor must be established. The doctor-patient privilege is not waived until the condition has been put in issue (Koump v Smith, supra). The motion is denied as to the physician’s office records.
The plaintiff cross-moves for leave to amend the bill of particulars. The plaintiff had been examined by a Dr. Sherman on December 9, 1975. A notice to amend the bill of particulars to include additional matter was previously denied by this court. Taking into consideration the report of the physician submitted herein and the notice to amend the bill of particulars, which was served December 19, 1975, and there being no objection, the cross motion is granted provided that *350 the defendant is afforded an opportunity within 30 days from the date of service of the order to be made herein to examine the plaintiff physically at her home.