■ ESTHER GOMBAS, Appellant, v WAYNE O. ROBERTS, Respondent, et al., Defendant. — Appeal from a judgment of the Supreme Court in favor of defendant Wayne O. Roberts, entered October 27, 1983 in Franklin County, upon a dismissal of the complaint by the court at Trial Term (Dier, J.), at the close of plaintiff's case.

Plaintiff was injured when the car she was driving was struck by a car driven by defendant Wayne O. Roberts and owned by defendant Wilbur's Motors, Inc. She filed suit and a trial date

was duly set for Monday, October 24, 1983. Trial began as scheduled at 9:30 A.M. on that date. A jury was empanelled and then plaintiff testified. Her testimony was completed by 12:08 P.M. on the first day. The only other witness who plaintiff planned to present was her physician, Dr. Edward Hixson. Since he was not present, the trial court granted plaintiff's motion for an adjournment until the next morning at 9:30. However, at that time, Dr. Hixson had still not appeared. At plaintiff's request, the court again adjourned the trial to await Dr. Hixson. At 10:40 A.M., with the doctor still absent, the court reconvened and, with plaintiff's consent, directed defendant Roberts to testify for the defense. He complied, and his testimony was completed at 11:25 A.M. Since Dr. Hixson had still not appeared, the court took a 15-minute recess to await him. When the doctor did not appear, it ordered a recess until 1:00 P.M. At that time, the court phoned the doctor's office from chambers to ask where he was. The trial court was informed by a member of Dr. Hixson's staff that the doctor had gone "out of town" the previous Friday and had not yet returned. At that point, the court reconvened. It denied plaintiff's motion for a further adjournment and for a mistrial and granted defendants' motion for dismissal on the ground of failure of proof. Judgments were entered dismissing the action as against each defendant. Plaintiff appeals herein from the judgment dismissing the action as against defendant Roberts.

Plaintiff argues on this appeal that the trial court erred in denying her motion for an adjournment pending the appearance of her medical witness and her subsequent motion for a mistrial. Pursuant to CPLR 4011, the trial court has broad discretion in regulating the conduct of a trial "in order to achieve a speedy and unprejudiced disposition of the matters at issue". This includes the granting of adjournments, a function with which this court will not interfere "except in cases of abuse" (*Matter of Case,* 24 AD2d 797). In our view, this is such a case. While the trial court did grant four adjournments, they were brief and spanned only two days. The witness who plaintiff failed to produce was an independent expert witness such that it cannot be said that he was under plaintiff's control. While plaintiff's attorney should have been more diligent in either producing the witness or offering the trial court a complete explanation for the failure of the witness to appear, as well as some assurance of a time when the witness could appear, such failure should not deprive plaintiff of her day in court. Therefore, plaintiff's motion should have been granted.

Judgment reversed, on the law and the facts, without costs, and plaintiff's motion for mistrial granted. Mahoney, P. J., Kane and Weiss, JJ., concur.

Casey and Levine, JJ., dissent and vote to affirm in the following memorandum by Levine, J. Levine J. (dissenting). On the facts as set forth in the record and recited in the majority's decision, we are unable to conclude that the trial court's refusal to give plaintiff a further adjournment for the appearance of her medical witness constituted an abuse of discretion. All parties had been given due notice of the trial date. Plaintiff, knowing that she planned to present only two witnesses and that her own testimony would be brief, should arguably have had her expert witness present on the first day of trial. Failing that, she should have made sure that he was ready to testify at the start of the second day. The trial court granted plaintiff a one-day adjournment when she did not produce the doctor on the first day of trial and, on the second day, three extensions subsequent to the time for his promised appearance. In order to accommodate plaintiff, the trial court directed defendant Wayne O. Roberts to proceed with his case out of turn. At the end of the third extension, the trial court was left with no explanation for the witness's absence nor with any reasonable assurance that he would soon appear, from either plaintiff's counsel or directly from the doctor's office. In fact, there was no indication from the doctor's office that a court appearance was on his schedule for that day. This was despite counsel's representations that his office had been in virtually continuous contact with the doctor or his office.

We take note of the 1983 and 1984 schedules of Supreme Court Trial Terms for the Fourth Judicial District, which indicate that the term at which plaintiff's case was reached was the last of only three, one-part jury Trial Terms for Franklin County in 1983 and that the next such term would not commence until January 30, 1984. Under these circumstances, it was not irrational or arbitrary for the trial court to conclude that granting plaintiff a further adjournment without any definite information as to when her expert would appear would be unfair, not only to the other parties and attorneys in the case, but also to the litigants in other cases awaiting disposition within the stringent time frames of available jury terms for the county. For the foregoing reasons, we would affirm.