■ WILLIAM P. CIRINO, SR., Appellant, v WILLIAM N. ST. JOHN, Respondent, et al., Defendant.—Harvey, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 23, 1987 in Warren County, which granted defendant William N. St. John's motion to dismiss the complaint against him with prejudice.

The trial of this medical malpractice action was scheduled to commence on Monday, November 30, 1987. Plaintiff arranged to have his expert witness, Dr. Barry Singer, travel from Pennsylvania to testify on the proposed second day of trial, Tuesday, December 1, 1987. However, due to a court

scheduling problem, Supreme Court changed the previously scheduled trial date and set the trial to begin with jury selection on December 1, 1987. When Singer was contacted and told that it would be unlikely he could testify on the scheduled day, Singer indicated that he would try to reschedule his patients so as to be available on December 3, 1987. Trial duly commenced on December 1, 1987 with only defendant William N. St. John (hereinafter defendant) participating, since the only other defendant had previously settled with plaintiff. At the close of plaintiff's proof that day, plaintiff's counsel asked and was granted an adjournment until December 3, 1987, anticipating Singer's availability to testify on that day. At that time, defense counsel indicated that he would not proceed with defendant's proof until plaintiff had completed his case. It was subsequently learned by plaintiff, however, that Singer could not testify on that date due to a surprise inspection that was to be conducted at his hospital and which required his presence. Singer allegedly assured plaintiff that he would nonetheless be available to testify the following Monday. Court reconvened on December 3, 1987 and Supreme Court, upon being apprised of these facts and Singer's present unavailability, denied plaintiff's requested adjournment* and dismissed plaintiff's cause of action with prejudice upon motion by defendant. This appeal followed.

We reverse. In deciding applications for adjournments, the trial court must "indulge in a balanced consideration of all relevant factors" (Wilson v Wilson, 97 AD2d 897, 898). Although such applications are ordinarily addressed to the trial court's sound discretion, "[l]iberality should be exercised in granting postponements or continuances of trials to obtain material evidence and to prevent miscarriages of justice" (Balogh v H.R.B. Caterers, 88 AD2d 136, 141). It is well settled that it is an abuse of the court's discretion "to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence" (supra, at 141; see, DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 241).

We are not unmindful of the pressure on Trial Judges to

---

* We note that although defendant argues that plaintiff made no *formal* application for an adjournment or continuance pursuant to CPLR 4402, we find that the repeated insistence of plaintiff's counsel that Singer would be available to testify the next week was clearly a request for an adjournment and there was no need to formally invoke the statute.

keep their courts operating efficiently. We also recognize that out-of-State expert witnesses should not be allowed to establish their own priorities to the detriment of our court operations. However, in view of the fact that the original delay was through no fault of either plaintiff's attorney or expert witness, and that there is no evidence of bad faith, a continuance of some nature should have been granted. Under the circumstances, plaintiff should not be deprived of his day in court (see, Gombas v Roberts, 104 AD2d 521, 522; see also, Cuevas v Cuevas, 110 AD2d 873, 877).

Order reversed, on the facts, without costs, and matter remitted to the Supreme Court for a new trial. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.