■ HOLLY HOFFNER, Respondent, v COUNTY OF PUTNAM et al., Appellants.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (Dickinson, J.), entered July 5, 1989 in Putnam County, upon a verdict rendered in favor of plaintiff, and (2) from two orders of said court, entered September 5, 1989 and September 8, 1989 in Putnam County, which denied defendants' motion to set aside the verdict.

This matter involves the discrete issue of whether Supreme Court abused its discretion in denying defendants a continuance of the trial or issuing warrants of arrest in order to procure the attendance of two eyewitnesses who had failed to answer subpoenas served on them.

The trial commenced on June 19, 1989 with the selection of a jury and continued on June 20, 1989. Defendants had subpoenaed two eyewitnesses to the accident underlying the lawsuit directing them to appear on June 21, 1989. In his opening statement to the jury, defense counsel indicated that the two witnesses who were in a vehicle behind defendant John Karell would testify that Karell was traveling within the speed limit when the accident occurred. The vehicle was owned by Karell's employer, defendant Putnam County. The trial continued throughout June 20, 1989 and was adjourned

for the testimony of these two witnesses the following day. Conflicting evidence was presented at the trial as to the facts and circumstances surrounding the happening of the accident. Of special significance was the issue of the speed of Karell's car and whether plaintiff had exercised caution in crossing the highway or had suddenly bolted across the road.

On June 21, 1989, defense counsel first learned via a phone message that the two witnesses did not intend to appear because they were out in the field on a landscaping job at a baseball field. Defense counsel's request for a continuance of the trial to secure their attendance or, alternatively, for the issuance of warrants was denied by Supreme Court. Thereafter, the jury found for plaintiff in the sum of $58,000. Defendants were found 85% negligent and plaintiff 15% negligent for the happening of the accident. Defendants' motion to set aside the verdict was denied and these appeals followed.

Defendants urge that the testimony of the two missing witnesses was crucial on the question of the speed of Karell's vehicle, in that another witness called by plaintiff had put Karell's speed at between 50 and 60 miles per hour, and that Supreme Court abused its discretion in denying a brief continuance.

We agree. The testimony of the two witnesses was crucial to the issue at hand. It does not appear that plaintiff would have been prejudiced in any way by a granting of the continuance. Defendants' application for a continuance complied with the law and it was not made merely for delay. The evidence sought was material and the need for the continuance did not result from the failure to exercise due diligence (see, Chodos v Chodos, 91 AD2d 1030; Balogh v H.R.B. Caterers, 88 AD2d 136, 141). Given this result, the appeals from the orders refusing to set aside the verdict are rendered academic.

Judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.

Appeals from orders dismissed, as academic, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.