■ JAMES WATERS, Doing Business as J & J ENTERPRISES, Respondent-Appellant, v SILVEROCK BAKING CORPORATION, Appellant-Respondent, and PHILIP C. CHUCK et al., Respondents. —Mercure, J. Cross appeals (transferred to this court by order

of the Appellate Division, Second Department) from a judgment of the Supreme Court (Weiner, J.), entered October 10, 1989 in Rockland County, upon a verdict rendered in favor of plaintiff against defendant Silverock Baking Corporation.

From 1977 to 1983, plaintiff was an independent contractor who sold and delivered baked goods produced by defendant Silverock Baking Corporation (hereinafter defendant) pursuant to an exclusive route franchise agreement. Plaintiff commenced this action to recover, *inter alia,* the full value of his route, alleging that on March 10, 1983, defendant wrongfully refused to supply him with its product and thereby forced him out of business. Defendant counterclaimed for $12,088.97 which it alleged plaintiff owed it on an account stated. Following trial, a jury awarded plaintiff $70,000 on his cause of action and awarded defendant $5,402.18 on its counterclaim. Defendant appeals.*

There should be an affirmance. Initially, we reject the contention that Supreme Court abused its discretion in refusing defendant's request for a two-day continuance to secure the testimony of Michael Scarlett, who, at the time of trial, was fulfilling his military reserve obligation at Fort Dix, New Jersey. It is apparent from the record that defendant made no effort to obtain Scarlett's return to New York and that his testimony could have been timely secured by merely delivering a judicial subpoena to the Provost Marshall at Fort Dix. Therefore, the need for the continuance resulted from defendant's failure to exercise due diligence in securing the testimony of the witness *(see,* CPLR 4402; *cf., Hoffner v County of Putnam,* 167 AD2d 755, 756; *Cirino v St. John,* 146 AD2d 912, 913).

Nor do we agree with the contention that Supreme Court committed reversible error in certain of its evidentiary rulings. The questioning of defendant Philip C. Chuck as to whether plaintiff's route may have retained some value following March 10, 1983 would, if permitted, have forced the witness to engage in speculation. Moreover, Chuck testified on cross-examination that it would take competing vendors only a day or two to move in on customers left without service. Further, Supreme Court properly excluded as hearsay testimony as to extrajudicial statements made by plaintiff's father,

---

* Plaintiff has not filed a brief in support of his cross appeal and is deemed to have abandoned his appeal from Supreme Court's dismissal of his second, third and fourth causes of action and claim of personal liability against defendants Philip C. Chuck, Harry Sokolow and Marilyn Sokolow.

offered to establish the truth of the statements. In his summation, plaintiff's attorney did mischaracterize certain of Chuck's testimony. We deem this error harmless, however, in view of Supreme Court's instructions that the jurors were the sole and exclusive judges of the facts and that their recollection of the evidence alone would control (see, CPLR 2002; *Bischert v Limousine Rental Serv.*, 33 AD2d 355, 357).

Finally, defendant not only did not object to but, in fact, requested Supreme Court's charge to the jury that it could not consider any sums that became due to either party more than six years prior to commencement of the action on April 29, 1986. Accordingly, the issue has not been preserved for our review (see, *Johnson v Manhattan & Bronx Surface Tr. Operating Auth.*, 71 NY2d 198, 206; *Rupert v Sellers*, 50 NY2d 881, 882-883, *cert denied* 449 US 901).

Plaintiff's cross appeal dismissed, without costs.

Judgment affirmed, without costs. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.