■ MONIQUE LE JEUNNE, Appellant, v HORACE BAKER et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 17, 1991 in Warren County, which granted defendants' motion to dismiss the complaint for plaintiff's unreasonable neglect to proceed to trial.

On December 6, 1990, Supreme Court sent a notice to the parties' attorneys scheduling this negligence action* for trial on January 14, 1991. Plaintiff's attorney appeared on the scheduled trial date and requested an adjournment of the trial, claiming that he experienced difficulty in reaching plaintiff, who resided in Paris, France. Plaintiff's attorney stated that although he "knew before the end of the year * * * that it was unlikely that [he] would be ready to go forward" on the scheduled trial date, he "was under the impression there would be no difficulty [in requesting] an adjournment the first time the parties [were] together after the notice of trial". Supreme Court denied plaintiff's request for an adjournment and dismissed the action with prejudice. This appeal followed.

There should be an affirmance. The law is clear that the conduct of a trial, including adjournments thereof, is committed to the trial court's sound discretion (Matter of Case, 24 AD2d 797; see, Matter of Housing Dev. Fund. Co. v County of Rockland, 134 AD2d 594). In deciding whether to grant a continuance, "the court must indulge in a balanced consideration of all relevant factors" (Wilson v Wilson, 97 AD2d 897, 898; see, Cirino v St. John, 146 AD2d 912, 913). On this record, we find no basis to disturb Supreme Court's exercise of discretion. Plaintiff's attorney did not outline the steps he had taken to prepare the case for trial or the efforts which were made to secure plaintiff's appearance. Nor did he provide affidavits or other documents demonstrating that plaintiff was unable to attend because of her injuries (see, Woertler v Woertler, 110

---

* Plaintiff claims that defendants' improper design and construction of a staircase caused her to fall. In a New Jersey action, plaintiff settled her fall-down claim against the property owners for $104,400.

AD2d 947, 948; *cf., Englert v Hart,* 112 AD2d 3). Indeed, there was no indication as to when plaintiff would be ready to proceed. In these circumstances, Supreme Court had an ample basis to find that the need for an adjournment resulted from failure to exercise due diligence *(see, Waters v Silverock Baking Corp.,* 172 AD2d 984, 985, *appeal dismissed* 78 NY2d 1071).

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.