■ Gus Rosato, Respondent, v Robert Macier, Appellant. [635 NYS2d 726] —Crew III, J. Appeal from an order of the Supreme Court (Keniry, J.), entered November 15, 1994 in Saratoga County, which denied defendant's motion to, *inter alia*, vacate a stipulation of settlement.

Between June 1992 through May 1993, plaintiff, a developer, and defendant, a contractor, engaged in a series of transactions involving the improvement of various parcels of real property owned by defendant in Saratoga County. In conjunction with these transactions, plaintiff apparently loaned money to defendant to obtain certain parcels and occasionally purchased building materials for use on defendant's projects, and defendant signed several promissory notes reflecting his obligations in this regard. Ultimately, a dispute arose between the parties concerning the payment of these debts, and plaintiff commenced this action in January 1994 seeking to recover on the notes and related obligations.

The case was conferenced on June 27, 1994 and the parties' attorneys agreed to a trial date of August 1, 1994. Three days before the trial was to commence, defendant telephoned Supreme Court's chambers and requested an adjournment so he could discharge his attorney and retain new counsel. Defendant was advised that the matter could not be adjourned solely upon his telephone request. When defendant appeared before the court with his original counsel on August 1, 1994, the case again was conferenced and the parties agreed to a settlement, which was placed upon the record in open court. A consent to change attorney form was executed on August 11, 1994, and the following day Supreme Court signed a judgment incorporating the terms of the parties' settlement. Thereafter, by order to show cause dated August 23, 1994, defendant moved to vacate the judgment and set aside the stipulation of settlement. Supreme Court denied the motion and this appeal by defendant followed.

We affirm. In our view, Supreme Court did not abuse its

discretion in denying defendant's eve-of-trial request for an adjournment in order to retain new counsel. It is well settled that "the conduct of a trial, including adjournments thereof, is committed to the trial court's sound discretion" (*Le Jeunne v Baker*, 182 AD2d 969). Here, defendant had at least five weeks' notice of the trial date, thereby providing him with ample time to retain new counsel if he was as dissatisfied as he now claims to have been with his attorney. As for his assertion that the stipulation of settlement should be set aside, a party may be relieved from the consequences of a stipulation made in the course of litigation "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*Hallock v State of New York*, 64 NY2d 224, 230). No such showing has been made here. Additionally, although defendant now expresses confusion as to the terms of the stipulation of settlement, the record reflects that he neither expressed any reservations nor raised any questions regarding its content or effect during his colloquy with Supreme Court, despite having been provided with the opportunity to do so (*see, Matter of Goldman v Goldman*, 201 AD2d 860, 861).

Cardona, P. J., Mikoll, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.