■ STEPHEN EVANGELINOS, Respondent, v EVA REIFSCHNEIDER, Defendant, and HERTZ CORP., Appellant. [661 NYS2d 232] —In an action to recover damages for personal injuries, the defendant Hertz Corp., appeals from an interlocutory judgment of the Supreme Court, Queens County (Kitzes, J.), entered January 31, 1997, which, upon a jury verdict finding it 100% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, the facts, and as a matter of discretion, and a new trial is granted on the issue of liability, with costs to abide the event.

This action involves a collision at an intersection in which the plaintiff claimed that the light was in his favor, and the examination before trial of a nonparty witness indicated that the light was in favor of the defendant Eva Reifschneider, who was driving a vehicle owned by the appellant Hertz Corp. (hereinafter Hertz). The bifurcated trial on the issue of liability commenced at noon on January 28, 1997, with opening statements. After the luncheon recess the plaintiff's case was presented

and completed by 3:00 P.M. Thereafter, Hertz sought to read into the record certain nonparty examinations before trial, and the court sustained the objections to the readings on the basis that no foundation had been laid for their admission. Hertz requested a continuance until the following morning to produce a private investigator, the sole witness for the defense, to cure the deficiency, but the request was denied and the parties were directed to proceed to summation.

The following morning, prior to the charge, Hertz appeared with its investigator and sought to reopen the case. Not only was the application denied, but the court mischaracterized the application made by Hertz the previous day. After a jury verdict finding Hertz to be 100% at fault in the happening of the accident, its motion for a mistrial was denied.

Although an application for a continuance is addressed to the sound discretion of the trial court (see, Cirino v St. John, 146 AD2d 912, 913), it is an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for purposes of delay, the evidence is material, and the "need for a continuance does not result from the failure to exercise due diligence" (Balogh v H.R.B. Caterers, 88 AD2d 136, 141; see also, Cirino v St. John, supra, at 913). Here, the trial progressed at an unusually rapid pace, there was an offer of proof regarding the unavailability of the nonparty witnesses, and the foundation witness was available the following morning. The proffered testimony went to the heart of the liability issue and was therefore material. A grant of the continuance would have resulted in a delay of only several hours, and would still have enabled the court to have summations and give its charge on the day the jury was in fact charged. Rosenblatt, J. P., Thompson, Pizzuto and Altman, JJ., concur.