■ DELVIES ROMERO, Respondent, v CITY OF NEW YORK et al., Appellants. [688 NYS2d 226] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered March 19, 1998, which, upon a jury verdict finding the defendants 100% at fault in the happening of the accident, is in favor of the plaintiff and against them in the principal sum of $529,808.42.

Ordered that the judgment is reversed, as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only on condition that within 20 days after service upon them of a copy of this decision and order with notice of entry the defendants shall pay to the plaintiff the sum paid to Dr. Joseph D'Angelo as expert fees in connection with his testimony at the prior trial; in the event that the defendants do not comply with this condition then the judgment is affirmed, without costs or disbursements.

This action involves a fall from the bleachers of a school gymnasium which the plaintiff claims was caused by a piece of metal protruding from the bleachers. During the damages phase of the trial, the court denied the defendants' application for an adjournment in order that they could call as a witness the doctor who examined the plaintiff on their behalf. On appeal, the defendants argue that the trial court acted improvidently in denying their application for an adjournment. We agree.

Although an application for an adjournment is addressed to the sound discretion of the trial court (*see, Matter of Anthony M.,* 63 NY2d 270, 283; *Cirino v St. John,* 146 AD2d 912, 913), it is an improvident exercise of discretion to deny an adjournment where the application is properly made, is not made for purposes of delay, the evidence is material, and the " 'need for a [adjournment] does not result from the failure to exercise due diligence' " (*Evangelinos v Reifschneider,* 241 AD2d 508, 509; *see also, Balogh v H.R.B. Caterers,* 88 AD2d 136, 141).

Here, the trial progressed at an unusually rapid pace, and there was an offer of proof regarding the unavailability of the witness and that the witness would be available within a day or two. The proffered testimony went to the heart of the damages issue and was therefore material. Under such circumstances, failure to grant the defendants a brief adjournment was an improvident exercise of discretion.

This error was compounded and the defendants were further prejudiced when the plaintiff's counsel, in his summation, made reference to the failure of the defendants' examining doctor to testify notwithstanding the court's directive that such references should not be made.

Although there must be a new trial on damages, under the circumstances, we are conditioning the new trial on the defendants paying to the plaintiff the sum paid to Dr. Joseph D'Angelo as expert fees in connection with his testimony at the first trial.

The defendants' remaining contentions are either without merit or do not warrant reversal. Altman, J. P., Friedmann, McGinity and Luciano, JJ., concur.