■ THELMA McLANE, Appellant, v JOHN MEYER, Doing Business as COVE DELICATESSEN, et al., Defendants and DELI AT OTTER POND, INC., et al., Respondents. [694 NYS2d 697] —In an ac-

tion to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Cannavo, J.), entered November 17, 1998, as granted the cross motion of the defendants Deli at Otter Pond, Inc., and Albert Geldmacher to direct the plaintiff to provide authorization to release the plaintiff's medical and pharmacy records concerning her open heart surgery and medical records concerning her hip fracture, and to appear and submit to a further physical examination.

Ordered that the order is modified by deleting the provision thereof which granted those branches of the respondents' cross motion which were to direct the plaintiff to provide authorization to release the plaintiff's medical and pharmacy records concerning her open heart surgery and medical records concerning her hip fracture, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff slipped and fell on steps in front of the respondent Deli at Otter Pond, Inc., injuring her right elbow. The respondents sought authorizations for medical and pharmacy records pertaining to the plaintiff's open heart surgery performed about one year prior to the slip and fall, and medical records concerning the plaintiff's hip fracture sustained twelve years prior to the slip and fall. However, the affidavits of the respondents' counsel insufficiently demonstrated the relevancy of the records sought in defending against the claims asserted by the plaintiff (*see,* CPLR 3101 [a]; *Koump v Smith,* 25 NY2d 287; *Herbst v Bruhn,* 106 AD2d 546; *Vohs v Long Is. Jewish Hosp.,* 89 Misc 2d 347).

The court properly directed a further physical examination of the plaintiff. The plaintiff's medical history was an appropriate area of inquiry and is generally necessary for a meaningful examination (*see, Maimone v Virga,* 250 AD2d 651; *Allen v State of New York,* 228 AD2d 1001; *Jakubowski v Lengen,* 86 AD2d 398).

The respondents' remaining contentions are unpreserved for appellate review (*see, Green v Dunne,* 232 AD2d 610; *Sher v Allied Bayview Corp.,* 207 AD2d 536; *cf., Libeson v Copy Realty Corp.,* 167 AD2d 376). Thompson, J. P., Altman, Feuerstein and Schmidt, JJ., concur.