NANCY M. HARPER et al., Appellants, v HAN CHANG, Respondent. [700 NYS2d 317] —Order unanimously affirmed without costs. Memorandum: Supreme Court did not abuse its discretion in denying plaintiffs' cross motion for an adjourn-

ment and dismissing the complaint (*see, Herbert v Edwards Super Food Stores-Finast Supermarkets,* 253 AD2d 789; *Paulino v Marchelletta,* 216 AD2d 446). The determination whether to adjourn a trial "is addressed to the discretion of the trial court and should not be interfered with absent a clear abuse thereof" (*Blunt v Northern Oneida County Landfill,* 145 AD2d 913). While "[l]iberality should be exercised in granting postponements or continuances of trials to obtain material evidence and to prevent miscarriages of justice" (*Balogh v H.R.B. Caterers,* 88 AD2d 136, 141), an adjournment is properly denied where the unavailability of a witness is due to a failure to exercise due diligence (*see, Herbert v Edwards Super Food Stores-Finast Supermarkets, supra; Paulino v Marchelletta, supra; Le Jeunne v Baker,* 182 AD2d 969). Here, the cross motion for an adjournment, made on the eve of trial of this medical malpractice action, was predicated upon the unavailability of plaintiffs' expert medical witness. The record demonstrates, however, that plaintiffs' attorney had known for at least eight months that the medical expert, who had moved to New Mexico, would not come to New York for trial, and plaintiffs failed to exercise due diligence to remedy the unavailability of that expert. (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Dismiss Pleading.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.