■ DELVIES ROMERO, Appellant, v CITY OF NEW YORK et al., Respondents. [708 NYS2d 156] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Garson, J.), dated September 8, 1999, which granted the defendants' motion to conduct an additional physical examination of the plaintiff and denied her cross motion for the imposition of a sanction pursuant to 22 NYCRR 130-1.1 (a).

Ordered that the order is modified by deleting the provision thereof granting the defendants' motion for an additional physical examination of the plaintiff, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

On April 12, 1999, this Court reversed the judgment of the Supreme Court, Kings County, in favor of the plaintiff and against the defendants on the issue of damages based upon the Supreme Court's refusal to grant a reasonable adjournment of the damages trial so that the defendants' examining physician, Dr. Richard E. Stern, could testify upon his return from Switzerland a few days later (*see, Romero v City of New York,* 260 AD2d 461). The damages trial was rescheduled for late August or early September 1999. On August 25, 1999, the defendants' attorney appeared in court and requested that the plaintiff be directed to appear for an additional examination by a new physician because Dr. Stern was unavailable to testify. In an

order to show cause submitted by the defendants, counsel stated that Dr. Stern was available but that, because he was now on a teaching sabbatical in Switzerland, the defendants would have to pay an exorbitant sum to have him appear. The plaintiff's attorneys opposed the application, and cross-moved for the imposition of a sanction, asserting that they had contacted Dr. Stern's office and were informed that he was available to testify on two weeks' notice or within a few days if his schedule was open.

Under these circumstances, the Supreme Court erred in allowing the defendants to conduct a further physical examination of the plaintiff by a new physician on the eve of trial. Contrary to the defendants' contentions and the dissent's conclusion, there was no demonstration of unusual or unanticipated circumstances to warrant discovery after the note of issue had been filed (see, 22 NYCRR 202.21 [d]; Audiovox Corp. v Benyamini, 265 AD2d 135). There is no evidence in the record as to when the defendants' attorneys attempted to arrange for Dr. Stern to appear for the retrial on the issue of damages. Indeed, the record demonstrates that Dr. Stern needed, at most, two weeks' notice and could have been available to testify within a few days. In either case, the proper resolution would have been to adjourn the trial until Dr. Stern could appear. As for the allegedly "outrageous" fees charged by Dr. Stern for his testimony, there was no evidence in the record that Dr. Stern's fee schedule had changed from the time the defendants had initially engaged him, and an allegation of unspecified additional travel expenses alone was not sufficient to warrant granting the defendants' application. Therefore, there was no basis to state that the defendants were surprised at the expense of securing Dr. Stern for trial. Any prejudice resulting from the allegedly "outrageous" fees charged by Dr. Stern was a direct result of the defendants' own failure to establish a reasonable fee initially, and to timely ascertain Dr. Stern's availability.

The Supreme Court, however, properly denied the plaintiff's cross motion for the imposition of sanctions. O'Brien, J. P., Goldstein and Feuerstein, JJ., concur.

Sullivan, J., dissents in part and concurs in part and votes to affirm the order, with the following memorandum, in which Luciano, J., concurs. Since I do not believe that the Trial Judge either abused or improvidently exercised his discretion in ordering the plaintiff to submit to an additional physical examination of her ankle, I respectfully dissent from that portion of the majority's decision.

This is an action to recover damages for physical injuries. On April 16, 1992, the plaintiff fell from the bleachers of a school gymnasium because of a protruding piece of metal. The plaintiff sustained a displaced fracture of the medial malleolus and a fracture of the distal fibula which required "open reduction internal fixation". When the fixation devices were being removed in September 1993, one of the screws broke and a portion of it was left in place.

The plaintiff commenced this action and, pursuant to the rules of discovery, was examined on behalf of the defendants by Dr. Richard E. Stern, an orthopedic surgeon, on November 19, 1997, at his office in New York City. A copy of Dr. Stern's report, along with his curriculum vitae, was mailed to the plaintiff's attorney on or about December 3, 1997. A bifurcated trial began on December 15, 1997, and the jury found the defendants 100% at fault. At that point, the defendants requested a brief adjournment of the damages phase of the trial due to the unavailability of Dr. Stern, their key witness. In spite of an offer of proof that the unavailability would only last for a day or two, the plaintiff objected and the request was denied. At the conclusion of the damages phase of the trial, without any expert medical testimony from the defense, the jury returned a verdict for the plaintiff and against the defendants in the sum of $529,808.42. The defendants appealed, and this Court reversed the judgment and ordered a new trial on the issue of damages (*see, Romero v City of New York,* 260 AD2d 461).

In preparation for the new trial on the issue of damages, the defendants' attorney learned that Dr. Stern was on an extended sabbatical as a Visiting Professor in Geneva, Switzerland. Dr. Stern would require two weeks notice and a fee of approximately $10,000, which included, among other items, airfare and hotel accommodations. Based on this information, the defendants' attorney, on September 1, 1999, obtained an order to show cause seeking, *inter alia,* a new physical examination of the plaintiff. The plaintiff opposed this motion and cross-moved for sanctions pursuant to 22 NYCRR 130-1.1 (a). Following oral argument on September 8, 1999, Justice Garson granted the defendants' motion for another physical examination of the plaintiff and denied the plaintiff's cross motion for sanctions. The plaintiff has appealed from this order.

New York has a well-established policy permitting " 'open and far-reaching pretrial discovery' " (*Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952, 954; *DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 193, *rearg denied sub nom. Poole*

*v Consolidated Rail Corp.,* 81 NY2d 835, *cert denied* 510 US 816). CPLR 3101 (a) mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action". CPLR 3121 (a) sets forth the procedures for obtaining mental and physical examinations by a physician. All of these policies and statutes were properly applied in preparing this case for its original trial in December 1997. What happened at the start of the damages phase of the trial started the chain of unusual or unanticipated circumstances justifying Judge Garson's order allowing a new examination.

Dr. Stern, a board-certified orthopedic surgeon and a clinical assistant professor of orthopedic surgery at Cornell Medical College, was temporarily absent from his New York office and was at that time in Switzerland but would return within a few days. The plaintiff objected to even a brief adjournment and the request for one was denied. This decision by the Trial Judge was an improvident exercise of discretion, as we decided in *Romero v City of New York* (*supra*). Thereafter, in August 1999, the defense attorneys learned that the brief visit to Switzerland in December 1997 had become an extended teaching sabbatical in Geneva. This was clearly an unusual and unanticipated circumstance that would result in substantial prejudice to the defendants warranting an exercise of discretion by the trial court (*see,* 22 NYCRR 202.21 [d]). Given the conditions as to notice and cost set by Dr. Stern for his appearance, the request to have plaintiff submit to another examination of her ankle was neither onerous nor unnecessary.

Such an application is addressed to the sound discretion of the Trial Judge who had to balance the competing interest of the parties. Since it is obvious that such an analysis was done, the scope of our review is limited and we have repeatedly said that we will not overturn such a decision in the absence of a showing of an abuse or improvident exercise of discretion in the Trial Judge's decision on matters concerning disclosure (*see, McLane v Meyer,* 264 AD2d 469; *Maimone v Virga,* 250 AD2d 651; *Huggins v New York City Tr. Auth.,* 225 AD2d 732; *Young v Kalow,* 214 AD2d 559; *Burger v Bladt,* 112 AD2d 127; 1 Newman, New York Appellate Practice § 4.05 [3]). We have applied the same analysis in cases where the Trial Judge has denied a motion for an additional physical examination made without a showing of its necessity (*see, Futersak v Brinen,* 265 AD2d 452; *Goldsmith v Gorokhovsky,* 205 AD2d 583).

Under all of the circumstances of this case, I find that Judge Garson neither abused nor improvidently exercised his discretion in ordering the plaintiff to submit to an additional physi-

cal examination. Since I concur with my colleagues in the denial of the plaintiff's request for sanctions, I would affirm the order of the Supreme Court.