■ ARTHUR H. BROTHERS, Plaintiff, v BUNKOFF GENERAL CONTRACTORS et al., Defendants and Third-Party Plaintiffs-Respondents. R.E. HATCH CONSTRUCTION INC., Third-Party Defendant-Appellant. [745 NYS2d 284] —Spain, J. Appeals from two orders of the Supreme Court (Keegan, J.), entered May 22, 2001 and June 13, 2001 in Albany County, which granted third-party plaintiffs' motion to strike third-party defendant's answer and entered a default judgment against third-party defendant.

The third-party action herein arises out of a 1996 workplace accident on property owned by defendant and third-party plaintiff Riverwalk on the Hudson Inc. in the City of Cohoes, Albany County. Riverwalk hired defendant and third-party plaintiff Bunkoff General Contractors to construct an apartment complex, and Bunkoff, in turn, hired third-party defendant, R.E. Hatch Construction Inc. (hereinafter Hatch), an Ohio company, as a subcontractor. Plaintiff, an employee of Hatch allegedly injured while working at the site, commenced an action against Riverwalk and Bunkoff (hereinafter collectively referred to as third-party plaintiffs) for negligence and violations of the Labor Law, and third-party plaintiffs then commenced the third-party action against Hatch for indemnification.

After notices of examination served by third-party plaintiffs' counsel on Hatch were ignored, a pretrial conference was held at which all parties stipulated to a discovery schedule. Supreme Court (Ferradino, J.) thereafter issued an order, dated May 6, 2000, requiring all depositions to be completed within 90 days of the filing of the stipulation. The court issued another order, dated May 15, 2000, precluding Hatch from testifying at trial if a representative did not appear for deposition 30 days before the scheduled May 2001 trial. Just days prior to the trial, Hatch had yet to comply, prompting third-party plaintiffs to move for an order striking Hatch's answer and awarding a

default judgment. After hearing oral arguments, Supreme Court (Keegan, J.) granted the motion. On this appeal, Hatch contends that the prior preclusion order constituted the law of the case and barred Supreme Court from thereafter ordering a greater sanction and, alternatively, that the sanction imposed was unfair.

Initially, we note that the doctrine of law of the case may be applied "[w]here a court directly passes upon an issue which is necessarily involved in the final determination on the merits" (*Brown v State of New York*, 250 AD2d 314, 320). However, "[i]ts application is exclusively to questions of law" (*id.* at 320; *see, State of N.Y. Higher Educ. Servs. Corp. v Starr*, 158 AD2d 771, 772), and the doctrine does not apply to rulings, such as case management decisions, which are based on the discretion of the court (*see, People v Evans*, 94 NY2d 499, 504-506). Under CPLR 3126, the trial court may make such orders "as are just," and it has the discretion to decide the type and degree of sanction (*see, Osterhoudt v Wal-Mart Stores*, 273 AD2d 673, 674; *Nabozny v Cappelletti*, 267 AD2d 623). Thus, law of the case is inapplicable to the prior discretionary, conditional preclusion order.

We reach a different conclusion, however, with respect to the propriety of the sanction. Striking an answer is a drastic sanction that "should only be imposed where the moving party makes a clear showing that the defendant willfully or contumaciously failed to comply with an order for disclosure" (*Fraracci v Lasouska*, 283 AD2d 735, 736; *see, Beauregard v Millwood-Beauregard*, 207 AD2d 633, 633-634). Based on Hatch's repeated disregard of notices from counsel and discovery orders, as well as evidence that Hatch intentionally evaded being located, we have no quarrel with Supreme Court's determination that Hatch's deliberate conduct was worthy of sanction. However, "[w]hile discovery determinations rest within the sound discretion of the trial court, the Appellate Division is vested with a corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (*Andon v 302-304 Mott St. Assoc.*, 94 NY2d 740, 745; *see, Phoenix Mut. Life Ins. Co. v Conway*, 11 NY2d 367, 370). Here, the prior preclusion order anticipated Hatch's misconduct and established a specific penalty therefor, thereby forming a justifiable basis for Hatch's reliance. In our view, as no subsequent preclusion order was issued indicating that the passage of time had increased the potential sanction, under the particular facts herein presented, preclusion of Hatch's testimony at trial is the more appropriate sanction.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are reversed, on the facts, without costs, motion denied and third-party defendant is precluded from testifying at trial.