WILLIAM G. BRUSCO et al., Respondents, v KATHLEEN A. DAVIS-KLAGES, Appellant. [754 NYS2d 725] —Peters, J. Appeal from an order of the Supreme Court (Ryan, J.), entered August 21, 2002 in Clinton County, which, inter alia, granted plaintiffs' motion for an adjournment of the trial.

In January 1998, this personal injury action was commenced by plaintiffs against defendant as the result of a motor vehicle accident occurring on September 3, 1996 in the Town of Plattsburgh, Clinton County. Plaintiffs filed a statement of readiness for trial in January 2002. Following a conference on April 2, 2002, Supreme Court, inter alia, set a trial date of August 13, 2002. On August 6, 2002, however, plaintiffs brought an order to show cause seeking an adjournment of the trial. Although defendant opposed the motion, Supreme Court granted it, resulting in this appeal.

Defendant contends that Supreme Court abused its discretion in adjourning the trial because plaintiffs failed to demonstrate good cause entitling them to such relief. Initially, we note that "[t]he determination whether to adjourn a trial 'is addressed to the discretion of the trial court and should not be interfered with absent a clear abuse thereof'" (*Harper v Han Chang*, 267 AD2d 1011, 1011, quoting *Blunt v Northern Oneida County Landfill*, 145 AD2d 913; *see Le Jeunne v Baker*, 182 AD2d 969, 969). "[I]t is an improvident exercise of discretion to deny such a request where the evidence is material, and the application is properly made and is not made for purposes of delay, and where the need for an adjournment does not result from the failure to exercise due diligence" (*Matter of Shepard*, 286 AD2d 336, 337; *see Stevens v Auburn Mem. Hosp.*, 286 AD2d 965, 966). Notably, CPLR 2004 authorizes the court to extend the time fixed by an order for doing any act "upon such terms as may be just and upon good cause shown." The Court of Appeals has held that good cause under CPLR 2004 includes law office failure (*see Tewari v Tsoutsouras*, 75 NY2d 1, 12).

In the case at hand, plaintiffs' counsel averred that he met

with plaintiffs in May 2002 to review and verify an anticipated amended bill of particulars and was awaiting receipt of additional medical records. He indicated that he neglected to follow up on the matter prior to departing for vacation. He stated that following his return in July, he did not realize his neglect until the end of the month. He further stated that he was unaware until just before the trial date that it was the policy of Ronald Hargraves, the physician who performed surgery on plaintiff Gail L. Brusco in July 2001, not to testify in court and that his testimony would need to be obtained by videotaped deposition, the earliest date for which was October 11, 2002.

In light of the foregoing, plaintiffs' need for an adjournment of the trial appears attributable to their counsel's law office failure. Significantly, there is no indication of purposeful delay and a review of the history of the litigation reveals that plaintiffs have diligently pursued the matter. Moreover, Hargraves' testimony is clearly material to plaintiffs' case. In view of this, and the lack of prejudice to defendant, we find no abuse of discretion in the granting of the adjournment.

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.