■ MARY E. KENNEDY, Individually and as Parent and Natural Guardian of MAGGIE M. KENNEDY, an Infant, Respondent, v CHILDREN'S HOSPITAL OF BUFFALO, Appellant. [757 NYS2d 396] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered January 28, 2002, which, inter alia, denied defendant's request for authorization to obtain certain medical records of plaintiff.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject defendant's contention that Supreme Court (Notaro, J.) abused its discretion in denying defendant's request for authorization to obtain certain medical records of plaintiff before commencement of the new trial granted by this Court on a prior appeal (*Kennedy v Children's Hosp. of Buffalo* [appeal No. 3], 288 AD2d 918 [2001]). Plaintiff commenced this action, individually and on behalf of her infant daughter, seeking damages for the personal injuries sustained by her daughter while a patient in defendant's neonatal intensive care unit. The information in those medical records was suppressed by Supreme Court (Kane, J.) pursuant to CPLR 3103 (c) prior to the first trial because the records had been released by defendant to defendant's attorney without plaintiff's authorization, and we determined on the prior appeal that the court did not abuse its discretion in precluding the use of those medical records pursuant to CPLR 3103 (c) (*Kennedy*, 288 AD2d at 919). Nevertheless, contrary to plaintiff's contention, the doctrine of law of the case does not apply with respect to

this issue because that doctrine "does not apply to rulings * * * [that] are based on the discretion of the court" (*Brothers v Bunkoff Gen. Contrs.*, 296 AD2d 764, 765 [2002]). A sanction imposed under CPLR 3103 (c) is discretionary (*see Lipin v Bender*, 84 NY2d 562, 571 [1994], *rearg denied* 84 NY2d 1027 [1995]), and thus a successor justice on a retrial may determine whether the sanction remains appropriate (*see People v Evans*, 94 NY2d 499, 504-505 [2000], *rearg denied* 96 NY2d 755 [2001]; *Brothers*, 296 AD2d at 765). We conclude, however, that the court herein did not abuse its discretion in denying defendant's instant request for authorization (*see generally Evans*, 94 NY2d at 506), particularly in view of the pattern of misconduct by defendant's attorney throughout the first trial; the fact that defendant itself released plaintiff's medical records to its attorney without plaintiff's authorization (*see* Public Health Law § 18 [6]); defendant's failure to demonstrate unusual or unanticipated circumstances warranting the additional discovery prior to the retrial (*see* 22 NYCRR 202.21 [d]; *Romero v City of New York*, 272 AD2d 599, 600 [2000]); and the fact that the medical records of plaintiff's daughter, which were properly obtained, contain information about plaintiff's medical condition. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Gorski, JJ.