■ MICHAEL J. PRONTI, Doing Business as IROQUOIS INDUSTRIES, Appellant, v EDWARD J. GOLIK et al., Respondents. [823 NYS2d 590]—

Rose, J. Appeal from a judgment of the Supreme Court (Ellison, J.H.O.), entered March 8, 2006 in Chemung County, upon a decision of the court in favor of defendants.

Plaintiff commenced this action for breach of contract to recover the balance allegedly owed for his work in remodeling a bathroom in defendants' home. In their answer, defendants asserted that plaintiff failed to complete the work and they counterclaimed for the cost of having it completed by another contractor. In January 2005, plaintiff requested and received an adjournment of trial to obtain an attorney and move for summary judgment. In May 2005, Supreme Court denied his pro se motion for summary judgment and trial was set for July 19, 2005 before a Judicial Hearing Officer. At the start of the trial, plaintiff again requested an adjournment to obtain an attorney. When the court denied his request because of the earlier adjournment, plaintiff stated that he was not ready to proceed.

The court then granted defendants' motion to dismiss the complaint and they presented proof on their counterclaim. Supreme Court found in defendants' favor and this appeal ensued.

Plaintiff contends that his motion for summary judgment was improperly denied because, among other things, defendants failed to give timely written notice of their counterclaim as required under the contract. The contract, however, clearly provides that written notice is required only "after completion of the work involved" and defendants provided evidence that, at the time plaintiff allegedly completed the work, the bathroom had no sink, medicine cabinet, vanity, light fixture, baseboard or window molding, and there were problems with the toilet and linoleum that had been installed. The contractor who completed the remodeling corroborated this evidence and also established the cost to repair and complete the work. Contrary to plaintiff's contention, this evidence was sufficient to raise triable questions of fact as to plaintiff's defense of lack of notice and to warrant denial of summary judgment (see e.g. Matzen Constr. v Schultz, 257 AD2d 724, 726 [1999]).

Plaintiff also contends that Supreme Court abused its discretion in denying his request for adjournment of the trial. However, in light of the previous adjournment, the ample time provided for plaintiff to obtain an attorney and his unexcused failure to do so, we cannot agree (see Brusco v Davis-Klages, 302 AD2d 674, 674 [2003]; Barnaby v Barnaby, 259 AD2d 870, 871 [1999]; Rosato v Macier, 222 AD2d 865, 866 [1995]). We have considered plaintiff's remaining contentions and find them to have no merit.

Mercure, J.P., Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.