Normandin v Bell (2018 NY Slip Op 04053)





Normandin v Bell


2018 NY Slip Op 04053


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

524845

[*1]MARILYN A. NORMANDIN et al., Appellants, 
v
JOSEPH W. BELL, Respondent, et al., Defendant.

Calendar Date: April 23, 2018

Before: McCarthy, J.P., Egan Jr., Aarons, Rumsey and

 Pritzker, JJ.

O'Connell & Aronowitz, Albany (Annette G. Hasapidis, South Salem of counsel), for appellants.
Thorn Gershon Tymann & Bonanni LLP, Albany (Mandy McFarland of counsel), for respondent.


Aarons, J.

MEMORANDUM AND
Appeal from a judgment of the Supreme Court (Crowell, J.), entered December 23, 2016 in Saratoga County, upon a dismissal of the complaint at the close of plaintiff's case.
In 2013, plaintiff Marilyn A. Normandin and her spouse, derivatively, commenced this medical malpractice action alleging that defendant Joseph W. Bell (hereinafter defendant) departed from accepted medical practice and that such departures caused her physical injuries. After joinder of issue, trial commenced. Jury selection was completed on November 28, 2016 and opening statements were given on November 29, 2016. Plaintiffs' expert
was scheduled to testify on December 1, 2016. On that morning, however, plaintiffs' counsel advised Supreme Court that the expert was not present but was en route from the Philadelphia, Pennsylvania area and would be arriving later in the morning. Plaintiffs' counsel explained that the expert had testified in another case and, although counsel had expected the expert to arrive on November 30, 2016, the expert did not feel safe driving that night to Saratoga County because of weather-related issues.
When the expert eventually arrived in the late morning of December 1, 2016, he did not have his original file with him. According to the expert, he left the original file in his hotel and it was his belief that it was not necessary for him to have it in order to testify. Defendant objected [*2]to having the expert testify until the original file was with him. Supreme Court directed the expert to have his office make arrangements to immediately bring the original file to the courthouse with the hope that it would arrive in the afternoon. According to the court, the expert could then testify that afternoon and finish the next day, on Friday, December 2, 2016. Plaintiffs' counsel, however, advised the court that the expert had scheduled appointments with patients on December 2, 2016 and was unavailable to testify that day or on December 5, 2016. The next available day for the expert was Tuesday, December 6, 2016. The court, however, instructed the expert to reschedule his appointments. The expert testified in the afternoon of December 1, 2016, but by the completion of direct examination by plaintiffs' counsel, the original file had not arrived. Defendant thereafter orally moved to strike the expert's testimony. The court denied the oral application as premature.
On December 2, 2016, plaintiffs' expert did not appear. Defendant renewed his motion to strike the expert's testimony and plaintiffs moved for, among other things, a continuance. Supreme Court, among other things, denied plaintiffs' motion for a continuance and granted defendant's motion to strike. After plaintiffs rested, defendant moved to dismiss the complaint based upon plaintiffs' failure to prove a prima facie case due to the absence of expert testimony. Supreme Court granted the motion and a judgment was subsequently entered thereon. Plaintiffs now appeal. We reverse.
Whether to grant a continuance rests in the sound discretion of the court (see Matter of Anthony M., 63 NY2d 270, 283 [1984]; Stone v Hidle, 266 AD2d 705, 706 [1999]) and, absent an abuse of such discretion, the court's determination will not be disturbed (see Gutin-Nedo v Marshall, Cheung & Diamond, 301 AD2d 728, 729 [2003]; Gombas v Roberts, 104 AD2d 521, 522 [1984]). "[I]t is an abuse of the court's discretion to deny a continuance where the application complies with every requirement of the law and is not made merely for delay, where the evidence is material and where the need for a continuance does not result from the failure to exercise due diligence" (Cirino v St. John, 146 AD2d 912, 913 [1989] [internal quotation marks and citation omitted]; see Black v St. Luke's Cornwall Hosp., 112 AD3d 661, 661 [2013]; Brusco v Davis-Klages, 302 AD2d 674, 674 [2003]).
We conclude that plaintiffs' motion for a continuance should have been granted (see Stevens v Auburn Mem. Hosp., 286 AD2d 965, 966 [2001]; Cirino v St. John, 146 AD2d at 914). The record does not support Supreme Court's finding that the failure of plaintiffs' expert to appear and complete his testimony on December 2, 2016 stemmed from a lack of due diligence by plaintiffs (see Brusco v Davis-Klages, 302 AD2d at 674-675; compare McKenna v Connors, 36 AD3d 1062, 1064 [2007], lv dismissed and denied 8 NY3d 969 [2007]). Furthermore, the expert's testimony was material, plaintiffs requested only a brief adjournment, the court had allotted two weeks for trial and the continuance request was not made for the purpose of delay. Accordingly, Supreme Court abused its discretion in denying plaintiffs' request for a continuance (see Zysk v Bley, 24 AD3d 757, 758 [2005]; Mura v Gordon, 252 AD2d 485, 485 [1998]; Hoffner v County of Putnam, 167 AD2d 755, 756 [1990]; Gombas v Roberts, 104 AD2d at 522). To that end, defendant's motions to strike the expert testimony and to dismiss the complaint based upon plaintiffs' failure to prove a prima facie case should have been denied. In view of our determination, the parties' remaining contentions are academic.
McCarthy, J.P., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.