O'Buckley v County of Chemung (2018 NY Slip Op 05003)





O'Buckley v County of Chemung


2018 NY Slip Op 05003


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

525810

[*1]SHARRON L. O'BUCKLEY, Individually and as Administrator of the Estate of MICHAEL O'BUCKLEY, Deceased, Appellant,
v
COUNTY OF CHEMUNG et al., Respondents.

Calendar Date: June 8, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Clark and Pritzker, JJ.


Sidney P. Cominsky, LLC, Syracuse (Sidney P. Cominsky of counsel), for appellant.
Barclay Damon LLP, Elmira (Matthew J. Rosno of counsel), for County of Chemung, respondent.
Lippman O'Connor, Buffalo (Gerard E. O'Connor of counsel), for Town of Southport, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (O'Shea, J.), entered July 26, 2017 in Chemung County, which denied plaintiff's motion in limine.
This matter comes before us for a fourth time (149 AD3d 1232 [2017]; 112 AD3d 1190 [2013]; 88 AD3d 1140 [2011]). In our most recent decision, we affirmed that part of an order of Supreme Court which, after granting a mistrial, precluded plaintiff from offering evidence of prior accidents in a second trial (149 AD3d at 1234-1235). Thereafter, plaintiff again moved to admit evidence of prior similar accidents or, in the alternative, for a hearing on the application. Supreme Court denied the motion, effectively concluding that our prior decision constitutes law of the case. Plaintiff now appeals.
We reverse. The underlying motion in limine speaks to an evidentiary ruling and the law of the case doctrine generally speaks to questions of law, not discretionary rulings of the court (see Kennedy v Children's Hosp. of Buffalo, 303 AD2d 937, 938 [2003]; Brothers v [*2]Bunkoff Gen. Contrs., 296 AD2d 764, 765 [2002]). That said, we are mindful that "'[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court . . . [and] operates to foreclose reexamination of [the] question absent a showing of subsequent evidence or change of law'" (Kenney v City of New York, 74 AD3d 630, 630-631 [2010], quoting J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [2007]; see Carmona v Mathisson, 92 AD3d 492, 493 [2012]).
Although defendants contend otherwise, our previous decision was not a definitive ruling as to whether the conditions underlying the prior accidents that plaintiff seeks to admit were substantially similar to the accident at issue. To the contrary, we simply determined that the limited offer of proof that plaintiff then made was inadequate (149 AD3d at 1235). As such, the subject motion should have been addressed on the merits (see e.g. Peri Formwork Sys., Inc. v Lumbermens Mut. Cas. Co., 112 AD3d 171, 177-178 [2013], lv denied 23 NY3d 907 [2014]).
McCarthy, J.P., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.