OPINION OF THE COURT

Per Curiam.

Order entered August 16, 1983 (Dankberg, H.J.) modified by striking the decretal paragraph providing for the payment of $150 costs to tenant’s attorney by petitioner’s attorneys and, as modified, affirmed, without costs.
In nonpayment summary proceedings, tenant moved to dismiss on the ground that the verification of the petition was improper in that the verifier, landlord’s attorney, did not set forth the reason why the verification was not made by landlord (citing CPLR 3021). Civil Court granted the motion with leave to landlord to serve an amended petition with a proper verification. This relief was conditioned upon the payment by landlord’s attorneys of $150 costs, Civil *778 Court having determined that the verifications of petitions by these same attorneys in numerous other proceedings suffered from the same defect.
The CPLR governs procedure in civil judicial proceedings “in all courts of the state and before all judges, except where the procedure is regulated by inconsistent statute” (CPLR 101). Verification of pleadings in Civil Court is governed by the CPLR (CCA 908). RPAPL 741 addresses the subject of verification of petitions in summary proceedings, but there is nothing there “inconsistent” with the requirement of CPLR 3021 that where the affidavit of verification is made by a person other than the party, “he must set forth in the affidavit the grounds of his belief as to all matters not stated upon his knowledge and the reason why it is not made by the party”. No persuasive reason is advanced as to why the form of the affidavit of verification should vary between Supreme Court and Civil Court practice (but cf. RPAPL 741 with CPLR 3020, subd [d]).
While the verification under review was incomplete, the omission was a minor error “ Inconsequential in nature, nonprejudicial in substance and correctable at any stage of the proceedings’ ” (150 West 26th St. Corp. v Hall, NYLJ, Jan. 12, 1982, p 11, col 1; see, also, Phillips v Mason, NYLJ, June 29, 1982, p 5, col 1). Thus, the court, rather than dismissing the petition with leave to begin again, could have simply afforded landlord the opportunity to amend the verification. The assessment of costs against landlord’s attorneys was not called for, since at the time it was at least an arguable legal position that the verification was sufficient under RPAPL 741.
We take the opportunity to reiterate our view that an irregularity in verification of the type discussed here is not an appropriate basis upon which to refuse to enter judgment where the tenant has defaulted (Juro Realty v Hernandez, NYLJ, July 20, 1983, p 6, col 2). “Irregularities in the verification will rarely result in prejudice to a party or affect the substance of the litigation” (3 Weinstein-KornMiller, NY Civ Prac, par 3022.04, pp 30-523 — 30-524).
Dudley, P. J., Hughes and Parness, JJ., concur.