■ SANDHYA MALHOTRA, Appellant, v RAJESH GUPTA, Respondent. [641 NYS2d 716] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme

Court, Queens County (Turret, J.H.O.), dated July 19, 1994, as (1) denied her motion to reopen a hearing to determine equitable distribution of the defendant's United States medical license, and (2) upon determining that there was no marital property to be distributed, failed to make such an award.

Ordered that the order and judgment is reversed insofar as appealed from, without costs or disbursements, on the law and the facts, the plaintiff's motion to reopen the hearing is granted on condition that she pay the sum of $1,000 to the defendant, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the value of the defendant's United States medical license and a determination as to whether it constitutes marital property subject to equitable distribution and for entry of an amended judgment accordingly; and it is further,

Ordered that the plaintiff's time to pay $1,000 to the defendant is extended until 30 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that if the plaintiff fails to comply with the conditions herein, the order and judgment is affirmed insofar as appealed from, with costs.

When her attorney could not appear at the continued hearing concerning, *inter alia,* the issue of equitable distribution with respect to the defendant's United States medical license, the plaintiff requested but was denied an adjournment. Thereafter the plaintiff moved to reopen the hearing and the motion was denied.

In deciding whether to grant an adjournment the trial court must engage in a balanced consideration of all relevant factors (*see, Bay Ridge Fed. Sav. & Loan Assn. v Morano,* 199 AD2d 354; *Wilson v Wilson,* 97 AD2d 897). Here, the Supreme Court improvidently exercised its discretion in denying the continuance since the request was for compelling reasons and not a mere attempt to delay the proceeding (*see, Balogh v H.R.B. Caterers,* 88 AD2d 136, 141). Moreover, the motion to reopen the hearing should be granted since the evidence which the plaintiff seeks to present is material to the central issue of equitable distribution. Accordingly, this matter is remitted to the Supreme Court, Queens County, to reopen the hearing on the issue of the degree to which the defendant's United States medical license constitutes marital property, and the plaintiff's direct and indirect contributions to this license (*see, McSparron v McSparron,* 87 NY2d 275; *O'Brien v O'Brien,* 66 NY2d 576; *Shoenfeld v Shoenfeld,* 168 AD2d 674; *McAlpine v McAlpine,*

176 AD2d 285). However, contrary to the plaintiff's contention, the defendant's green card, i.e., alien registration card, which he obtained when he married the plaintiff, has no value and is not an asset subject to equitable distribution.

Finally, under the circumstances of this case, we deem it appropriate to condition the granting of the plaintiff's motion to reopen the hearing upon the payment of $1,000 by the plaintiff to the defendant. Thompson, J. P., Santucci, Joy and Altman, JJ., concur.