■ ELYSE JOSEPHSON, Respondent, v SHARON HIGGINS et al., Appellants, et al., Defendant. [663 NYS2d 65] —In an action to recover damages for personal injuries, the defendants Sharon Higgins and Lori Vasicek appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Silverman, J.), entered July 24, 1996, as, upon a jury verdict finding the defendant Lori Vasicek 60% at fault in the happening of the incident, the defendant Frank Augustowski 40% at fault, and the plaintiff and the defendant Sharon Higgins not to be at fault, is in favor of the plaintiff and against the defendant Lori Vasicek.

Ordered that the appeal of the defendant Sharon Higgins is dismissed, as she is not aggrieved by the judgment (*see*, CPLR 5511); and it is further,

Ordered that the judgment is modified by deleting from the second and third decretal paragraphs thereof all references to the defendant Lori Vasicek; as so modified, the judgment is affirmed insofar as appealed from by the defendant Lori Vasicek, the action against the other defendants is severed, and a new trial is granted to the defendant Lori Vasicek limited to the issues of (1) whether Vasicek's negligence was a proximate cause of the injuries allegedly sustained by the plaintiff, and if so, the percentage of those injuries which are attributable to the incident and the percentage of those injuries which are attributable to other causes, and (2) damages; the jury's findings of fact as to the apportionment of fault between the plaintiff and the defendant Vasicek are affirmed; and it is further,

Ordered that one bill of costs, payable either by the plaintiff or the defendant Lori Vasicek, is awarded to abide the event of a new trial.

The Supreme Court improvidently exercised its discretion in denying the application of the defendant Lori Vasicek for a brief continuance when one of her medical experts was unable to appear at the time scheduled for his testimony because he had been subpoenaed by another court to testify in another action that morning (*see, Malhotra v Gupta*, 226 AD2d 682; *Goichberg v Sotudeh*, 187 AD2d 700; *Sutter v Nelson*, 126 AD2d 634; *Matter of City of New York v Unsafe Bldg. & Structure No. 147-21 Huxley St.*, 99 AD2d 533; *Balogh v H.R.B. Caterers*, 88 AD2d 136). There was a sharply-contested issue in this case as to whether the plaintiff's injuries were the result of trying to break up a dog fight or were caused by shoveling snow some two days later. The failure to permit the brief continuance therefore affected both the issue of whether Vasicek's negligence was a proximate cause or the sole proximate cause of the injuries, and the amount of damages awarded to the plaintiff. Therefore, a new trial is required, limited to these two issues.

In light of the foregoing, we do not reach Vasicek's remaining contention that the jury's findings on proximate cause were against the weight of the evidence. Thompson, J. P., Joy, Altman and Florio, JJ., concur.