■ In the Matter of the Estate of ESTHER SHEPARD, Deceased. JUDITH ARVAN, Respondent; ALEXANDRA PETILLA, Appellant. [728 NYS2d 784] —In a contested probate proceeding, the objectant, Alexandra Petilla, appeals from a decree of the Surrogate's Court, Suffolk County (Weber, S.), dated December 27, 1999, which, upon a jury verdict, admitted the decedent's will to probate as offered by the proponent.

Ordered that the decree is reversed, as a matter of discretion, and a new trial is granted, with costs to abide the event.

Esther Shepard, the decedent, had two daughters, Judith Arvan, the proponent of the will, and Alexandra Petilla, the objectant. The decedent had various prior wills, including one executed in 1991, which divided her estate between her

daughters. However, in 1993 the decedent executed a new will, which, among other things, made a bequest to the objectant of $50,000, and left the remainder to the proponent. Upon the proponent filing a petition to admit the will to probate, the objectant challenged the decedent's testamentary capacity, and alleged undue influence. Following a jury trial, a decree was entered admitting the will to probate. We reverse.

At the end of the trial, the objectant's attorney requested a continuance to produce an attorney who would testify concerning a prior attempt in 1993 to have the decedent execute a will. The court denied the application for an adjournment.

Although an application for an adjournment is addressed to the sound discretion of the trial court (*see, Matter of Anthony M., 63 NY2d 270, 283*), it is an improvident exercise of discretion to deny such a request where the evidence is material, and the application is properly made.and is not made for purposes of delay, and where the need for an adjournment does not result from the failure to exercise due diligence (*see, Romero v City of New York, 260 AD2d 461; Evangelinos v Reifschneider, 241 AD2d 508, 509*). Here, the witness would have been available the next day, and the proffered testimony went to the heart of the issue of testamentary capacity and was therefore material. Under the circumstances, the failure to grant the objectant a brief adjournment was an improvident exercise of discretion. Ritter, J. P., McGinity, Luciano and Feuerstein, JJ., concur.