■ BARRETT BYRNES, Respondent, v CHARLESWORTH VARLACK, Appellant, et al., Defendant. [794 NYS2d 81]—

In an action to recover damages for personal injuries, the defendant Charlesworth Varlack appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated December 8, 2003, which, upon jury verdicts on the issues of liability and damages and upon the denial of his motions pursuant to CPLR 4404, inter alia, to set aside the verdicts on liability and damages as against the weight of the evidence, is in favor of the plaintiff and against him in the principal sum of $270,000.

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted on the issue of damages only, with costs to abide the event. The findings of fact on the issue of liability are affirmed.

This action involves a three-vehicle collision. During the damages trial, the court denied the appellant's request for an adjournment so that he could call as a witness the doctor who examined the plaintiff on his behalf. On appeal, the appellant argues, inter alia, that the trial court acted improvidently in denying his application for a continuance. We agree.

Although an application for a continuance is addressed to the sound discretion of the trial court (*see Herbert v Edwards Super Food Stores-Finast Supermarkets,* 253 AD2d 789 [1998]), it is

an improvident exercise of discretion to deny a continuance where the application is properly made, is not made for purposes of delay, the evidence is material, and the need for a continuance does not result from the failure to exercise due diligence (*see Romero v City of New York,* 260 AD2d 461 [1999]; *Evangelinos v Reifschneider,* 241 AD2d 508 [1997]). Here, the trial progressed at a rapid pace, there was an offer of proof regarding the unavailability of the nonparty witness, and the witness was available the following morning. Moreover, the proffered testimony went to the heart of the damages issue and therefore was material. Under the circumstances, the failure to grant the appellant a brief adjournment was an improvident exercise of discretion (*see e.g. Matter of Shepard,* 286 AD2d 336 [2001]; *Romero v City of New York, supra; Josephson v Higgins,* 243 AD2d 444 [1997]).

The jury's verdict on the issue of liability was not against the weight of the credible evidence. We do not reach the appellant's remaining contention in light of our determination. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.