*20 OPINION OF THE COURT
Memorandum.
Ordered that the appeal is dismissed except insofar as it brings up for review the denial of tenants’ request for an adjournment and the above-stated portions of the order dated March 15, 2013 (see CPLR 5511; Katz v Katz, 68 AD2d 536, 540-542 [1979]); and it is further ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In November 2012, landlord commenced this holdover proceeding to recover the subject premises after tenants had allegedly violated the terms of the proprietary lease by making unauthorized renovations to their bathroom. The petition included a verification by landlord’s attorney dated and signed November 13, 2012. Tenants submitted an answer, dated November 24, 2012, in which they asserted, among other things, the affirmative defenses that the notice to cure was defective in that it failed to sufficiently allege how the default could be cured, and that the petition was not properly verified by a person who had actual knowledge of the facts and circumstances alleged. Thereafter, landlord moved to, among other things, dismiss the affirmative defenses, and tenants opposed the motion. By order dated March 15, 2013, the Civil Court, insofar as is relevant to this appeal, conditionally granted the branch of landlord’s motion seeking to dismiss tenants’ affirmative defense of defective verification of the petition, and granted the branch of landlord’s motion seeking to dismiss tenants’ affirmative defense of a defective notice to cure.
A nonjury trial was commenced on July 17, 2013, at which landlord presented five of its witnesses. During the cross-examination of the last of the five witnesses, the Civil Court (Gary Franklin Marton, J.) asked tenants’ attorney if he had many more questions for the witness, at which time tenants’ attorney informed the court that he was starting a criminal trial the next day. The parties then agreed to adjourn the proceeding until August 5, 2013. On the adjourned date, Cau-leen Wright appeared and informed the court that her attorney had told her that he could not “make it” because he was on trial in another matter, and she requested an adjournment. The court stated that the proceeding was continuing “whether he’s here or not,” and the last witness was recalled to the stand for redirect examination. Upon the completion of that examina *21 tion, landlord’s attorney informed the court that tenants’ attorney had faxed him a letter that morning indicating that “he would be unprepared to resume today.” The same witness was then recalled by landlord’s attorney in order to submit additional documentary evidence, after which landlord rested its case. The court then asked Ms. Wright if she had anything to say, and she replied that she would have to represent herself since her attorney was not present. The court informed Ms. Wright that she could not represent herself since she had an attorney, but, if she fired her attorney, she could then represent herself. The court’s written decision after trial, dated August 30, 2013, states that “[a]fter a delay of about ten or fifteen minutes, Ms. Wright advised the court that she was not going to discharge her lawyer. Thereupon the trial resumed” without tenants’ participation. Landlord was awarded a final judgment of possession on August 30, 2013.
Inasmuch as the final judgment in this holdover proceeding was entered after tenants failed to participate on a continued trial date, the final judgment is deemed to have been entered upon tenants’ default and “review [thereof is] limited to matters which were the subject of contest below” (Katz v Katz, 68 AD2d 536, 541 [1979] [internal quotation marks and citation omitted]; see also Hawes v Lewis, 127 AD3d 921 [2015]). Consequently, review herein is limited to the trial court’s denial of tenants’ request for an adjournment and so much of the order dated March 15, 2013 as conditionally granted the branch of landlord’s motion seeking to dismiss tenants’ affirmative defense of defective verification of the petition, and granted the branch of landlord’s motion seeking to dismiss tenants’ affirmative defense of defective notice to cure.
It is well settled that a petition can be verified by an attorney pursuant to RPAPL 741 (see Sella Props. v DeLeon, 25 Misc 3d 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, since the petition in this case was verified by landlord’s attorney, there is no merit to tenants’ contention that the Civil Court lacked subject matter jurisdiction because the petition was not properly verified. In any event, the failure to verify, or properly verify, a petition in a summary proceeding is not a jurisdictional defect (see Hablin Realty Corp. v McCain, 123 Misc 2d 777, 778 [App Term, 1st Dept 1984]; see generally Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997] [“The lack of a proper verification on a tax certiorari petition is not a jurisdictional defect”]). In addition, *22 pursuant to CPLR 3022, a party may treat a defectively verified, or unverified, pleading as a nullity if the party “gives notice with due diligence to the attorney of the adverse party that he elects so to do,” and “due diligence” has been construed to mean raising an immediate objection or, at least, within 24 hours of the receipt of the defective pleading (see Air N.Y. v Alphonse Hotel Corp., 86 AD2d 932 [1982]; Siegel, NY Prac § 235 at 407 [5th ed 2011]), which the record does not indicate was done in the case at bar.
We find that the notice to cure in the case at bar adequately apprised tenants of the conditions that landlord wished to have cured and referenced the specific section of the lease that addresses the conditions (see generally Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788 [1980]; Ellivkroy Realty Corp. v HDP 86 Sponsor Corp., 162 AD2d 238, 238 [1990]; Garland v Titan W. Assoc., 147 AD2d 304, 310-311 [1989]). The notice set forth sufficient facts to establish the grounds for tenants’ eviction, informed tenants as to how they had violated the lease (see Westhampton Cabins & Cabanas Owners Corp. v Westhampton Bath & Tennis Club Owners Corp., 62 AD3d 987, 988 [2009]), and adequately advised tenants so that they could frame a defense (see Rascoff/Zsyblat Org. v Directors Guild of Am., 297 AD2d 241, 242 [2002]; McGoldrick v DeCruz, 195 Misc 2d 414, 415 [App Term, 1st Dept 2003]). Consequently, the Civil Court properly dismissed tenants’ affirmative defense regarding the notice to cure.
The Civil Court, however, improvidently exercised its discretion in denying tenants’ request for an adjournment. A determination as to whether to grant an adjournment of a trial is addressed to the sound discretion of the court (see Byrnes v Varlack, 17 AD3d 616 [2005]; Brusco v Davis-Klages, 302 AD2d 674 [2003]). It is an improvident exercise of discretion to deny an adjournment where the evidence to be presented is material, where the adjournment is not sought in order to delay the proceedings and where the party seeking the adjournment has acted with due diligence to protect its interest (see Matter of Shepard, 286 AD2d 336 [2001]; Jadar Dev. Corp. v Greenspan, 230 AD2d 828 [1996]; see also Byrnes v Varlack, 17 AD3d at 617; Romero v City of New York, 260 AD2d 461 [1999]). Here, it is uncontroverted that, as of July 17, 2013, the Civil Court had been informed that tenants’ attorney had to start a criminal trial the next day and, therefore, the subject proceeding had been adjourned to August 5, 2013. On the adjourned date, Ms. *23 Wright informed the court that tenants’ attorney had called her and told her that he was on trial “at another court,” and could not “make it.” Tenants’ attorney had also sent landlord’s attorney a letter stating that “he would be unprepared to resume [that day].” Inasmuch as Ms. Wright’s request for an adjournment does not appear to have been a delaying tactic, tenants had yet to present their defense, and the need for an adjournment did not result from the failure to exercise due diligence, the Civil Court improvidently exercised its discretion in denying the adjournment request, despite the fact that tenants’ attorney had failed to submit an affidavit of actual engagement.
Tenants’ remaining contentions are not properly before this court on this limited appeal.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Pesce, P.J., Weston and Solomon, JJ., concur.