Brooklyn Chiropractic and Sports Therapy, P.C., as Assignee of Brendan Grady, Respondent,
against
Unitrin Direct Auto Insurance Company, Appellant.




Gullo & Associates, LLP (Natalie Socorro, Esq.), for appellant.
Dash Law Firm, P.C. (Melissa R. Abraham-Lofurno, Esq.), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), entered September 9, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $8,382.42.




ORDERED that, on the court's own motion, the notice of appeal from a proposed judgment submitted to the District Court on August 18, 2014 is deemed a premature notice of appeal from the judgment entered September 9, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment entered September 9, 2014 is reversed, without costs, and the matter is remitted to the District Court for a new trial.
Following a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, the District Court awarded plaintiff judgment in the principal sum of $8,382.42. On appeal, defendant challenges the District Court's refusal to grant defendant an adjournment for defendant to call its sole witness, a medical expert, to testify as to the only issue for trial, the medical necessity of the services rendered. On the first trial date at issue, July 14, 2014, a Monday, defendant requested an adjournment, stating that its witness could not testify on Mondays. After plaintiff's witness testified, the court agreed to continue the trial, but did not announce a date. The trial was subsequently rescheduled to August 18, 2014, another Monday. At that date, defendant again requested an adjournment, stating that its witness could not testify on Mondays without at least eight weeks' notice. That request was denied, and a judgment was entered in favor of plaintiff.
The testimony of defendant's expert "was critical to the sole contested liability issue in the case" (Bronx Expert Radiology, P.C. v Lumbermens Mut. Cas. Co., 14 Misc 3d 133[A], 2007 NY Slip Op 50113[U], *1 [App Term, 1st Dept 2007]), and there is no evidence in the record that defendant was merely seeking to delay the trial. Moreover, defendant informed the court of its witness's inability to appear on Mondays and was also willing to try to have its witness appear on a Monday if required. Thus, in the circumstances presented, we find that the District Court improvidently exercised its discretion in refusing to grant defendant an adjournment or to reschedule the trial for a day other than a Monday or to a Monday more than eight weeks later [*2](see e.g. Byrnes v Varlack, 17 AD3d 616 [2005]; Canty v McLoughlin, 16 AD3d 449 [2005]; Matter of Shepard, 286 AD2d 336 [2001]; Azapinto v Jamaica Hosp., 297 AD2d 301 [2002]; Wai Ming Ng v Tow, 260 AD2d 574 [1999]; Bouima v Dacomi, Inc., 28 Misc 3d 65 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). 
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 13, 2017