Dwight Ross, Respondent,
against
Irina Agronin, Appellant. 




Irina Agronin, appellant pro se.
Dwight Ross, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered November 16, 2017. The judgment, upon the denial of defendant's request for an adjournment of a nonjury trial and upon her failure to appear at the trial, awarded plaintiff the principal sum of $4,504.84.




ORDERED that the appeal is dismissed, except insofar as it brings up for review the denial of defendant's request for an adjournment; and it is further,
ORDERED that the judgment, insofar as reviewed, is affirmed, without costs. 
In December 2016, plaintiff commenced this small claims action against defendant, his former tenant, to recover unpaid use and occupancy. A nonjury trial was commenced on September 5, 2017, but was ultimately adjourned to allow defendant to file a counterclaim. A new trial was scheduled to be held on November 16, 2017. On that date, defendant requested to adjourn the case to file a counterclaim, explaining that she had applied to file a counterclaim at the end of October 2017 but that her application had been denied because "it [was] too close to the trial date." The court denied defendant's request to adjourn the trial. Defendant then responded that she did not "have any documentation" to proceed with the trial and again [*2]requested to adjourn the trial to "bring in" evidence. The court, again, denied the application. Defendant then left the courtroom, and the court conducted an inquest, following which the court awarded plaintiff the principal sum of $4,504.84. 
Defendant's failure to participate in the scheduled trial on November 16, 2017 resulted in a judgment entered on default (see LaCarrubba v Outdoors Clothing Corp., 42 Misc 3d 136[A], 2014 NY Slip Op 50119[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), which is appealable only to the extent that defendant seeks review of "matters which were the subject of contest below" (James v Powell, 19 NY2d 249, 256 n 3 [1967]; see Matter of Xiao-Lan Ma v Washington, 127 AD3d 982, 982 [2015]; Matter of Angie N.W. [Melvin A.W.], 107 AD3d 907, 908 [2013]; HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061, 1062 [2011]). Consequently, our review of the default judgment herein is limited to the Civil Court's denial of defendant's request for an adjournment.
"The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]). Here, the bases for defendant's application for an adjournment were that she intended to file a counterclaim and that she did not bring in evidence to defend her case. However, this action had been commenced approximately one year earlier and had, according to the court, "been on numerous times," and defendant proffered no explanation for her failure to bring in evidence. Furthermore, defendant had been afforded an opportunity to file a counterclaim but failed to do so in a timely manner. Thus, the court did not improvidently exercise its discretion in denying defendant's request for an adjournment (see Matter of Jeremiah G.F. [Gideon F.], 160 AD3d 731, 733 [2018]; Faynvets v Vito, 16 Misc 3d 132[A], 2007 NY Slip Op 51480[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; cf. Byrnes v Varlack, 17 AD3d 616, 617 [2005]; 1346 Park Place HDFC v Wright, 52 Misc 3d 18, 22-23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Defendant's remaining contentions are not properly before this court on this limited appeal. 
Accordingly, the judgment, insofar as reviewed, is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019