Slaughter v Pekich (2020 NY Slip Op 50748(U))

[*1]

Slaughter v Pekich

2020 NY Slip Op 50748(U) [67 Misc 3d 143(A)]

Decided on June 18, 2020

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 18, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-1053 N C

Loretta M. Slaughter, Respondent, 
against
Peter A. Pekich, Appellant. 

Peter A. Pekich, appellant pro se.
Loretta M. Slaughter, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District
(Scott H. Siller, J.), entered February 22, 2019. The judgment, after a nonjury trial,
awarded plaintiff the principal sum of $1,800 and implicitly dismissed defendant's
counterclaim.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to
the District Court for a new trial.
In this small claims action to recover an $1,800 security deposit from defendant,
plaintiff's former landlord, defendant counterclaimed to recover the sum of $5,000,
alleging, among other things, that plaintiff had caused damage to the premises, costing
$2,500 to repair. At a nonjury trial, defendant, appearing pro se, indicated to the District
Court that he had, stored on his cell phone, evidence regarding the damage caused by
plaintiff, including photographs and receipts, but the court refused to review that
evidence. Defendant then requested an adjournment to produce the evidence in
admissible form, claiming that he did not know that the court would not accept evidence
stored on a cell phone. The District Court denied defendant's request for an adjournment,
and, following the trial, awarded plaintiff the principal sum of $1,800 and implicitly
dismissed defendant's counterclaim. On appeal, defendant contends that the court abused
its discretion in denying his request for an adjournment.
In a small claims action, this court's review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and
principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v
Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125
[2000]).
"Although an application for an adjournment is addressed to the sound discretion of
the trial court, it is an improvident exercise of discretion to deny such a request where the
evidence is material, and the application is properly made and is not made for purposes
of delay, and where the need for an adjournment does not result from the failure to
exercise due diligence " (Matter of Shepard, 286 AD2d 336, 337 [2001]
[citations omitted]; accord Brusco v Davis-Klages, 302 AD2d 674, 674 [2003];
see Byrnes v Varlack, 17
AD3d 616, 616-617 [2005]). Here, there is no evidence that defendant's request for
an adjournment was made for the purposes of delay. Nor does it appear that defendant's
need for an adjournment resulted from his failure to exercise due diligence. Moreover,
the proffered evidence was material inasmuch as it went to the heart of the issues of
whether defendant was entitled to retain the $1,800 security deposit and, further, to
recover damages from plaintiff for repair work. In view of the foregoing, we find that the
District Court improvidently exercised its discretion in denying defendant's application
for an adjournment (see Matter
of Harris-Wilks v Harris, 56 AD3d 1063, 1064 [2008]; Byrnes v
Varlack, 17 AD3d at 617; Canty v McLoughlin, 16 AD3d 449, 450 [2005]; Matter
of Shepard, 286 AD2d at 337; cf. Stoves & Stones v Rubens, 237 AD2d
280, 280 [1997]; Boltz v Ascolesi, 16 Misc 3d 133[A], 2007 NY Slip Op
51499[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Consequently, the District Court's judgment failed to render substantial justice
between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the District Court
for a new trial.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 18, 2020