Issac v Bishop (2020 NY Slip Op 51492(U))

[*1]

Issac v Bishop

2020 NY Slip Op 51492(U) [70 Misc 3d 127(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-2409 S C

Aldean Issac, Respondent,
against
Delia Bishop, Appellant, and "Jane Doe" and "John Doe",
Undertenants. 

Delia Bishop, appellant pro se.
Sweetbaum & Sweetbaum, Esqs. (Marshall D. Sweetbaum of counsel), for respondent (no
brief filed).

Appeal from a final judgment of the District Court of Suffolk County, Fifth District (John P.
Schettino, J.), entered October 22, 2018. The final judgment, after a nonjury trial, awarded
landlord possession and the sum of $7,800 in a nonpayment summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In September 2018, landlord commenced this nonpayment proceeding to obtain possession
and rent arrears for May 2018 through September 2018, at a rate of $1,950 per month, plus late
fees and legal fees. After a nonjury trial, the District Court awarded landlord possession and five
months' rent, at a reduced rate of $1,560, in the total sum of $7,800. On appeal, tenant argues,
among other things, that the District Court improvidently exercised its discretion when it, in
effect, denied her request for a continuance of the trial in order to subpoena an inspector from the
Suffolk County Department of Health Services.
"The granting of an adjournment for any purpose is a matter resting within the sound
discretion of the trial court. In making such a determination, the court must undertake a balanced
consideration of all relevant factors" (Matter of Paulino v Camacho, 36 AD3d 821, 822 [2007] [internal
quotation marks and citations omitted]; see 1346 Park Place HDFC v Wright, 52 Misc 3d 18, 22 [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), "including the relevance of the [*2]evidence sought during the proposed adjournment period" (Beverly Holding NY, LLC v
Blackwood, 63 Misc 3d 160[A], 2019 NY Slip Op 50877[U], *2 [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2019]). Here, given that the inspector's health violation reports
had been admitted into evidence, the court's denial of tenant's motion for a continuance was not
an improvident exercise of discretion (see id.).
Tenant's remaining contentions are without merit.
Accordingly, the final judgment is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020