Knoll Manor Assoc. of NY v Goldstein (2021 NY Slip Op 51158(U))

[*1]

Knoll Manor Assoc. of NY v Goldstein

2021 NY Slip Op 51158(U) [73 Misc 3d 138(A)]

Decided on November 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2020-549 RO C

Knoll Manor Associates of NY,
Respondent,
against
Zev Goldstein, Appellant. 

Zev Goldstein, appellant pro se.
Wilf Law Firm, LLP (Mark A. Rothberg of counsel), for respondent.

Appeals by tenant from (1) a decision of the Justice Court of the Town of Ramapo, Rockland
County (Richard Clarino, J.), dated March 2, 2020, (2) a final judgment of that court entered July
17, 2020, and (3) an amended final judgment of that court entered August 21, 2020. The final
judgment, entered pursuant to the decision, after a nonjury trial, awarded landlord possession in a
holdover summary proceeding. The amended final judgment additionally lifted a stay imposed on
the proceeding due to the Tenant Safe Harbor Act (L 2020, ch 27, § 2).

ORDERED that the appeal from the decision is dismissed as no appeal lies from a decision
(see UJCA 1702; Greenfield v Tassinari, 8 AD3d 529 [2004]); and it is
further,
ORDERED that the appeal from the final judgment entered July 17, 2020 is dismissed, as the
final judgment was superseded by the amended final judgment; and it is further, 
ORDERED that the amended final judgment entered August 21, 2020 is affirmed, without
costs. 
Landlord commenced this holdover proceeding in the Justice Court of the Town of Ramapo,
by petition dated September 4, 2019 and returnable on September 16, 2019, after tenant's lease
ended upon its own terms. Due to the recusals of two judges, the case was transferred to several
different courts, including the Justice Court of the Town of Orangetown, before it was transferred
back to the Justice Court of the Town of Ramapo. In an answer dated February 23, 2020, tenant
asserted, among other things, that the petition was not properly verified, that landlord had
retaliated against tenant, and that the apartment was subject to the Emergency Tenant Protection
Act of 1974 (ETPA) (L 1974, ch 576, § 4, McKinney's Uncons Laws of NY § 8621
et seq.). In a decision dated March 2, 2020, after a nonjury trial, the Justice Court
awarded landlord possession. A final judgment awarding landlord possession was entered on July
17, 2020 pursuant to the decision. An amended final judgment was subsequently entered on
August 21, 2020, which additionally lifted a stay imposed pursuant to the Tenant Safe Harbor
Act (L 2020, ch 27, § 2).
While tenant was entitled to a verified petition (see RPAPL 741), tenant did not raise
the alleged verification issue with "due diligence" (see CPLR 3022), which has been
interpreted to mean within 24 hours of the receipt of the defective pleading (see Matter of
Ladore v Mayor & Bd. of Trustees of Vil. Of Port Chester, 70 AD2d 603 [1979]; 1346 Park Place HDFC v Wright, 52
Misc 3d 18 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; see generally Rozz v Law Offs. of Saul
Kobrick, P.C., 134 AD3d 920 [2015]). Here, the issue was first raised in the answer,
which had been filed the day before trial, months after tenant was served with the petition, and,
therefore, any objection was waived. Even if, as tenant asserts on appeal, the issue had been
raised with the Justice Court of the Town of Orangetown in the period of time the case had been
pending with that court, the case was not transferred to that court until October 18, 2019, after
the case had been pending for more than a month, which is substantially longer than the period
during which a party can generally raise a verification issue with "due diligence." 
The Justice Court's findings that tenant failed to demonstrate, prima facie, any retaliatory
eviction claim (see Real Property Law § 223-b) and that, nevertheless, landlord
presented a non-retaliatory reason for termination are supported by the record. Finally, the record
supports the Justice Court's finding that the apartment was not subject to the ETPA. 
Accordingly, the amended final judgment is affirmed. 
RUDERMAN, P.J., EMERSON and VOUTSINAS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2021