Lincoln Dobbs Ferry, LLC v Lekutonaj (2022 NY Slip Op
51383(U))

[*1]

Lincoln Dobbs Ferry, LLC v Lekutonaj

2022 NY Slip Op 51383(U) [77 Misc 3d 140(A)]

Decided on December 29, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 29, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JERRY GARGUILO, ELIZABETH
H. EMERSON, JJ

2021-133 W C

Lincoln Dobbs Ferry, LLC,
Respondent,
against
Lizabeta Lekutonaj and John Kalaj, Appellants, John Doe and
Jane Doe, Occupants. 

Law Offices of Jordan D. Becker (Jordan D. Becker of counsel), for appellants.
Sabaj Law, P.C. (Donald A. Pitofsky of counsel), for respondent.

Appeals from an amended final judgment and an amended warrant of eviction of the
Justice Court of the Village of Dobbs Ferry, Westchester County (David A. Koenigsberg,
J.), entered and issued, respectively, September 17, 2020. The amended final judgment,
after a nonjury trial and a subsequent hearing, awarded landlord possession and the sum
of $54,010 as against Lizabeta Lekutonaj and John Kalaj in a nonpayment summary
proceeding.

ORDERED that the appeal from the amended warrant of eviction is dismissed, as no
appeal lies from a warrant (see UJCA 1702; LaCarrubba v Outdoors Clothing
Corp., 42 Misc 3d 136[A], 2014 NY Slip Op 50119[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2014]); and it is further,
ORDERED that the amended final judgment is affirmed, without costs.
Landlord commenced this nonpayment proceeding against Lizabeta Lekutonaj
(tenant) and John Doe in November 2019 to recover possession and $15,344.50 in
unpaid rent since August 2019. Tenant answered and interposed counterclaims for,
among other things, breaches of the warranty of habitability. On the first day of the
nonjury trial, tenant's fiance, John Kalaj, who occupied the subject apartment with tenant,
appeared in the proceeding. Tenant and Kalaj did not dispute that the rent sought had not
been paid, but instead argued that they were entitled to withhold rent due to landlord's
breaches of the warranty of habitability. The petition was [*2]amended at the trial to include unpaid rent through January
2020 and, in effect, use and occupancy for February 2020, for a total sought of $26,985.
Following the trial, a final judgment was entered against tenant and Kalaj on February
28, 2020, awarding landlord possession and the sum of $27,005. The Justice Court also
dismissed tenant's counterclaims. A warrant of eviction issued but was not executed.
Pursuant to Administrative Order of the Chief Administrative Judge of the Courts
AO/160A/20, which, among other things, required courts to initiate a status or settlement
conference for residential eviction matters commenced prior to March 17, 2020,
including matters where a warrant of eviction had issued but had not been executed, the
Justice Court held a hearing on September 17, 2020. At the hearing, landlord submitted
into evidence a ledger purporting to show that an additional $26,985 in, in effect, use and
occupancy had accrued since the date of the original final judgment. Counsel for tenant
and Kalaj moved for an adjournment to allow his clients an opportunity to present
evidence of financial hardship pursuant to the New York Tenant Safe Harbor Act
(TSHA) (L 2020, ch 127, § 2). The Justice Court denied the motion. Following the
hearing, an amended final judgment was entered on September 17, 2020 increasing the
monetary award to landlord to the total sum of $54,010. 
Tenant and Kalaj jointly filed a notice of appeal from the amended final judgment
and a second notice of appeal from the amended warrant of eviction. They argue that the
Justice Court incorrectly denied their request for an adjournment and effectively deprived
them of their right under the TSHA to assert a financial hardship defense. They further
argue that they established a breach of the warranty of habitability; that the Justice Court
erred in dismissing the counterclaims; and that the Justice Court's "bias requires
reversal."
With regard to the financial hardship argument, the TSHA provides, in relevant part,
that "[n]o court shall issue a warrant of eviction or judgment of possession against a
residential tenant or other lawful occupant that has suffered a financial hardship during
the COVID-19 covered period for the non-payment of rent that accrues or becomes due
during the COVID-19 covered period" (L 2020, ch 127, § 2 [1]), which period is
from March 7, 2020 to January 15, 2022 (id. § 1, as amended by L 2021, ch
417, § 2, part D). Such financial hardship is "a defense in a summary proceeding"
(id. § 2 [2] [a]). Here, the award of possession was based upon the
nonpayment of rent for the months of August 2019 to January 2020, a period prior to the
COVID-19 covered period for the purposes of the TSHA (see RPAPL 711 [2];
see e.g. 459 Webster Ave., LLC
v Green, 64 Misc 3d 146[A], 2019 NY Slip Op 51349[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2019]; Kimball Ave. Assoc., LLC v Walsh, 43 Misc 3d 135[A],
2014 NY Slip Op 50660[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Consequently, the TSHA is not a defense to the instant nonpayment proceeding, and,
thus, the Justice Court's denial of the motion by tenant and Kalaj for an adjournment was
not an improvident exercise of discretion, as the evidence of financial hardship that
tenant and Kalaj proposed to gather during the adjournment period was not relevant to
the proceeding (see Issac v
Bishop, 70 Misc 3d 127[A], 2020 NY Slip Op 51492[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2020]).
Pursuant to Real Property Law § 235-b, implied in every residential lease is a
warranty of habitability, which includes three covenants: "(1) that the premises are 'fit for
human habitation', (2) that the premises are fit for 'the uses reasonably intended by the
parties', and (3) that the occupants will not be subjected to conditions that are 'dangerous,
hazardous or detrimental to [*3]their life, health or safety'
" (Solow v Wellner, 86 NY2d 582, 587-588 [1995], quoting Real Property Law
§ 235-b). To prevail on a defense or counterclaim based on a breach of the warranty
of habitability, which counterclaim cannot be waived (see Real Property Law
§ 235-b [2]), a tenant must offer proof as to the dates, severity, and duration of the
conditions complained of (see
Sinclair v Ramnarace, 36 Misc 3d 150[A], 2012 NY Slip Op 51671[U] [App
Term, 2d Dept, 9th & 10th Jud Dists 2012]; Anoula Realty Corp. v Weiss, 16 Misc 3d 133[A], 2007
NY Slip Op 51496[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]), and show
that notice of the conditions was given to the landlord (see Anoula Realty Corp. v
Weiss, 2007 NY Slip Op 51496[U]; New Franconia Assoc. v Popper, 2003
NY Slip Op 51116[U] [App Term, 1st Dept 2003]). Additionally, the tenant must show
that the landlord was provided with access and an opportunity to cure the conditions, yet
failed to do so (see 150-15 79th
Ave. Owners Corp. v James, 31 Misc 3d 132[A], 2011 NY Slip Op 50606[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Upon a review of the
record, we find that tenant failed to meet her burden.
As paragraph 33 of the subject lease states, in pertinent part, that tenant "specifically
waive[s] [her] right to bring a counterclaim in any summary proceeding for non-payment
of rent or a summary holdover proceeding," the Justice Court, based thereon, properly
dismissed tenant's remaining counterclaims.
Tenant and Kalaj's remaining contentions are without merit.
Accordingly, the amended final judgment is affirmed.
DRISCOLL, J.P., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 29,
2022