People v Eldridge (2024 NY Slip Op 05117)

People v Eldridge

2024 NY Slip Op 05117

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-03527

[*1]The People of the State of New York, respondent,
v
Michael Eldridge, appellant. Thomas R. Villecco, New York, NY, for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Orange County (William L. DeProspo, J.), dated April 13, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the County Court, Orange County, for a new hearing and a new determination thereafter in accordance herewith.
On July 7, 1993, the defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law 130.35[1]), and was sentenced to an indeterminate term of imprisonment of 25 years to life.
Prior to a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court gave the defendant's counsel 15 minutes to speak to the defendant, as they had not had time to speak prior to the hearing. After this discussion, the defendant's counsel requested a brief adjournment, as he wanted to review certain documents that the defendant told him about, including documents that could affect the defendant's designation. The court denied this request, citing the need to determine the defendant's risk level designation before the defendant was scheduled for release, just two days later. After the hearing, the court assessed the defendant a total of 130 points on the risk assessment instrument, which the defendant's counsel did not contest, and designated the defendant a level three sex offender. The defendant appeals.
"Although an application for an adjournment is addressed to the sound discretion of the trial court, it is an improvident exercise of discretion to deny such a request where evidence is material, and the application is properly made and is not made for purposes of delay, and where the need for an adjournment does not result from the failure to exercise due diligence" (Matter of Shepard, 286 AD2d 336, 337 [citation omitted]).
Here, the County Court improvidently exercised its discretion when it denied the defendant's request for an adjournment. The defendant's open release date two days after the hearing was not a sufficient reason to deny the defendant's request for an adjournment (see Correction Law § 168-l[8]). Further, the documents discussed by the defendant, including [*2]documents relating to his participation in treatment programs, may be relevant to support an application for a downward departure from his presumptive risk level. "A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Bigelow, 175 AD3d 1443, 1443, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "In making the determinations the court shall review . . . any relevant materials and evidence submitted by the sex offender" (Correction Law § 168-n[3] [emphasis added]). "An offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17). As the documents cited by the defendant were potentially material, the adjournment request was not made for the purposes of delay, and the necessity of the request was not due to a failure of due diligence, the court should have granted the request to adjourn the SORA hearing so that the defendant's counsel could review the documents and determine whether they should be offered to the court as evidence at the hearing.
Accordingly, the order is reversed and the matter is remitted to the County Court, Orange County, for a new risk level assessment hearing and a new determination thereafter.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court