Liguori v Brookside Garden Assoc., LLC (2025 NY Slip Op 50479(U))

[*1]

Liguori v Brookside Garden Assoc., LLC

2025 NY Slip Op 50479(U)

Decided on March 20, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 20, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., TIMOTHY S. DRISCOLL, JOSEPH R. CONWAY, JJ

2024-99 OR C

Matthew Liguori, Respondent,
against
Brookside Garden Associates, LLC, Appellant. 

Catalano & O'Fallon, LLP (Sean O'Fallon of counsel), for appellant.
Matthew Liguori, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Village of Harriman, Orange County (Bruce A. Schonberg, J.), entered November 9, 2023. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,040.

ORDERED that the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $1,550; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action against his landlord to recover the principal sum of $2,735.32, representing his monthly rent for May 2023 and his food expenses during May 2023. At a nonjury trial, plaintiff testified that he timely paid his monthly rent of $1,550 for May 2023, and that his apartment was rendered uninhabitable on May 1, 2023 after a flood caused rainwater and raw sewage to infiltrate his apartment. He alleged that the apartment was flooded between May 1, 2023 and June 1, 2023, and that, during this period of time, he did not eat or sleep at his apartment, but continued using the apartment to shower and store his furniture. He presented photographs showing the condition of the apartment after the flood. He stated that his food expenses increased during May 2023, because he could not eat in his apartment, and submitted a bank statement from May 2023 including his food purchases for the month. Defendant's resident manager testified that he was immediately informed of the flood on May 1, 2023, and that a remediation company began repairing plaintiff's apartment on May 3, 2023. He claimed that the repairs were completed on May 19, 2023, and, thereafter, plaintiff was orally informed that the repairs had been completed. Following the nonjury trial, the Justice Court [*2](Bruce A. Schonberg, J.) awarded plaintiff the principal sum of $2,040, representing a 100% abatement of plaintiff's rent for May 2023 and his food expenses for that period.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
"Pursuant to Real Property Law § 235-b, every residential lease contains an implied warranty of habitability which is limited by its terms to three covenants: (1) that the premises are fit for human habitation, (2) that the premises are fit for the uses reasonably intended by the parties, and (3) that the occupants will not be subjected to conditions that are dangerous, hazardous or detrimental to their life, health or safety" (Solow v Wellner, 86 NY2d 582, 587-588 [1995] [internal quotation marks omitted]; see Lincoln Dobbs Ferry, LLC v Lekutonaj, 77 Misc 3d 140[A], 2022 NY Slip Op 51383[U], *2-3 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]).
Contrary to defendant's contention, the 100% abatement of the rent for the period during which plaintiff did not eat or sleep in the apartment, but did use the shower and store his furniture, is supported by a fair interpretation of the evidence, since a complete abatement may be awarded even where a tenant does not vacate leased premises that are uninhabitable (see e.g. Ocean Rock Assoc. v Cruz, 66 AD2d 878, 878-879 [1978]; Rose Mt. Vernon Corp. v Jackson, 42 Misc 3d 129[A], 2013 NY Slip Op 52162[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]). Further, the Justice Court's decision to award plaintiff a rent abatement for the entire month of May, as opposed to the first 19 days thereof, is entitled to substantial deference, as it was based, at least in part, on a credibility determination.
However, plaintiff is not entitled to reimbursement for his food expenses during May 2023, as it is well settled that consequential damages are not recoverable for a breach of the warranty of habitability (see e.g. Concetto v Pedalino, 308 AD2d 470 [2003]; Joseph v Apartment Mgt. Assoc., LLC, 30 Misc 3d 142[A], 2011 NY Slip Op 50303[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Cunningham v Tennis Ct. LLC, 17 Misc 3d 134[A], 2007 NY Slip Op 52203[U], *1 [App Term, 2d & 11th Jud Dists 2007]). Consequently, substantial justice (see UJCA 1804, 1807) requires that the judgment be reduced to the principal sum of $1,550, the amount of plaintiff's rent for May 2023.
Accordingly, the judgment is modified by reducing the award in favor of plaintiff to the principal sum of $1,550.
GARGUILO, P.J., DRISCOLL and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 20, 2025